Wayne HUDSON, Appellant,

v.

Kenneth L. HARDY et al., Appellees,
United States, Intervenor.

No. 20908.

United States Court of Appeals,
District of Columbia Circuit.

Argued on Rehearing Jan. 7, 1970.
Decided Feb. 12, 1970.

Mr. Daniel Marcus, Washington, D. C. (appointed by this Court), for appellant.

Mr. David P. Sutton, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Hubert B. Pair, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee Hardy. Mr. Charles T. Duncan, Corporation Counsel, also entered an appearance for appellee Hardy.

Mr. Nathan Dodell, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and Joseph M. Hannon, Asst. U. S. Atty. were on the brief, for intervenor.

Messrs. Melvin C. Garbow and Ralph J. Temple, Washington, D. C., filed a memorandum on behalf of National Capital Area Civil Liberties Defense and Education Fund, as amicus curiae.

Before BAZELON, Chief Judge, and WRIGHT and ROBINSON, Circuit Judges.

On Petition for Rehearing

**PER CURIAM:**

Our original opinion in this case was filed on February 14, 1968. Subsequent to that date, appellees petitioned for rehearing both on the merits and on the ground that, while his appeal was pending in this court, appellant had been transferred to a federal prison outside our jurisdiction; this, they suggest, renders the case moot. The United States, granted leave to intervene, petitioned for rehearing on substantially the same grounds. We appointed counsel for appellant and set the case for oral argument. On the merits, for the reasons stated in our original opinion, we reaffirm that opinion.[1] The question of mootness, raised for the first time on the petition for rehearing, requires some further discussion.

### I.

 Appellant, unrepresented by counsel, styled his pleadings in the District Court a "petition for writ of declaratory judgment." If so treated, there is no question but that the case is not moot. Appellant's claim was that certain officials of the District of Columbia, purporting to act pursuant to local law, had subjected him to cruel and unusual punishment, to punishment without cause, and to unconstitutional discrimination.

If true, these allegations make out a claim for money damages under 42 U.S.C. § 1983 (1964). Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Hurd v. Hodge, 334 U.S. 24, 31, 68 S.Ct. 847, 92 L.Ed. 1187 (1948). And money damages may, of course, be awarded in an action for declaratory judgment. 28 U.S.C. § 2202 (1964); Security Insurance Co. v. White, 236 F.2d 215, 220 (10th Cir. 1956); see Richey v. Wilkins, 335 F.2d 1, 6 (2d Cir. 1964).[2] Needless to say, a claim for damages is not rendered moot by cessation of the wrong once done.

### II.

 Even if appellant does not desire to have his pleadings treated as an action for damages, it is by no means certain that the case has become moot. The core of his complaint when filed was an unlawful deprivation of liberty. He prayed "that I, Wayne Hudson Plaintiff Be taken from M.S.U. Control cell and Given the Privileges of all other inmate[s]. * * *" His petition, in effect, was a petition for a writ of habeas corpus;[3] and it has been so treated by his attorney since counsel was appointed.[4] If the pleading is considered a petition for habeas corpus, the question of mootness is a complex one. Since ultimate decision may turn on facts not of record here, and since the suggestion of moot-

1. Appellees strenuously object to our action in remanding the case on appellant's motion for the appointment of counsel. However, various panels of this court have often taken such action in the past when it is clear from the records of a case that further action is required below. *See, e. g.,* Mathews v. Hardy, No. 21,315 (Order filed Feb. 14, 1968); Barnett v. Preston, No. 20,577 (Order filed Nov. 22, 1966).

2. *See also* Fed.R.Civ.P. 54(c):
 [E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings.*
 (emphasis added).

3. Habeas corpus tests not only the fact but also the form of detention. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) (by implication); In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894); Covington v. Harris, 136 U.S.App.D.C. 35, 38, 39, 419 F.2d 617, 620–621 (Mar. 14, 1969); see Jones v. Cunningham, 371 U.S. 236, 238–243, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Alternatively, the papers could be treated as a request for injunctive relief under 42 U.S.C. § 1983 (1964). *See* Barnett v. Rodgers, 133 U.S.App.D.C. 296, 299 n. 4, 410 F.2d 995, 998 n. 4 (1969).

4. Likewise, the affidavit of Charles M. Rogers, superintendant of the D. C. Jail, refers to the case as "Habeas Corpus Number 83–67" (capitalization in original).

ness was not made until our original opinion had already been issued, we believe that it is best presented to the District Court on remand. *Compare* Powell v. McCormack, 395 U.S. 486, 496 n. 8, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); Robinson v. California, 371 U.S. 905, 83 S.Ct. 202, 9 L.Ed.2d 166 (1962) (on petition for rehearing). In aid of the remand, we sketch the relevant principles.

### III.

■ "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). In the present case, it may be that cessation of the disciplinary restrictions complained of has rendered the case moot.[5] But the imposition of discipline will normally have two consequences: first, the punishment actually imposed; and second, the records maintained relating to that punishment.[6] Appellant's disciplinary record may follow him throughout the prison system; if his punishment was without cause, he is punished anew each time his record is used against him.

Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).[7] Similarly, his disciplinary record may affect his eligibility for parole. Matthews v. Hardy, 137 U.S.App.D.C. 39, 42, 43, 420 F.2d 607, 610–611 (Aug. 29, 1969); *cf.* Peyton v. Rowe, 391 U.S. 54, 56 n. 3, 64, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). Finally, we note that the sentencing judge recommended commitment to the federal penitentiary at Lewisburg, Pennsylvania, but that appellant has nevertheless been transferred to the penitentiary at Leavenworth, Kansas. Appellant's brief suggests that confinement at Leavenworth may itself be a punishment inflicted upon appellant because of his disciplinary record.[8]

On remand, therefore, the District Court should ascertain precisely what relief appellant seeks. If he desires that the case be treated as a petition for habeas corpus, the court should inform itself of the extent to which appellant is, or is likely to be, still subject to disabilities because of the unlawful acts alleged. Only then can an informed decision be made whether appellant has an interest in the outcome of sufficient magnitude to warrant judicial review.

---

5. Of course, if the case is treated as an application for habeas corpus, appellant's transfer outside the jurisdiction was in clear violation of our then Rule 29(a), now substantially Fed.R.App.P. 23. As such, the transfer would not normally deprive us of jurisdiction, *see* Ahrens v. Clark, 335 U.S. 188, 193, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). If, however, the case is otherwise moot, it does not seem likely that even a deliberate violation of our rules would revive the dead issues.

6. Compare Taylor v. McElroy, 360 U.S. 709, 79 S.Ct. 1428, 3 L.Ed.2d 1528 (1959) (per curiam).

7. We note that although appellees filed in this court an affidavit indicating that appellant has been transferred to the United States Penitentiary at Leavenworth, Kansas, they have not indicated that he is not there subjected to the same additional restraints as at the D.C. Jail.

8. *See* Brief for Appellant at 14–15:
 It is clear that confinement at Leavenworth, a maximum security institu-

tion, is much less desirable than confinement at Lewisburg, which is described by the Bureau of Prisons as a "medium security penitentiary" which provides "wider training opportunities" than are available at Leavenworth. Compare United States Bureau of Prisons, Policy Statement No. 7300.-13A, Appendix A, p. 15 (1967) (describing Leavenworth), with p. 17 (describing Lewisburg). Thus, for example, Lewisburg offers a variety of technical training programs as well as a complete academic program through high school and arrangements with Pennsylvania State University for inmates to take specialized courses in the behavioral sciences. And it has a substantial work release and community placement program. *Id.* at 17. Leavenworth, on the other hand, has no "significant" special training programs and "because of the nature of the institution's mission, work release is not stressed." *Id.* at 15.