Anthony VELLUCCI, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

Nos. 19547, 19627.

United States Court of Appeals, Sixth Circuit.

Decided and Filed Aug. 10, 1970.

Gerald L. Baldwin (Court Appointed), Cincinnati, Ohio, Kyte, Conlan, Wulsin & Vogeler, George F. Carr, Jr., Cincinnati, Ohio, for appellant.

J. Kenneth Lowrie, Detroit, Mich., (James H. Brickley, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before WEICK and EDWARDS, Circuit Judges, and KALBFLEISCH, District Judge.*

PER CURIAM.

Appellant appeals from denial of his motion to vacate sentence originally imposed in 1957. His principal claim is that his Sixth Amendment right to counsel was violated by the absence of counsel at sentencing, without a free and voluntary waiver.

Appellant was originally charged with various violations of the federal narcotics statutes in a seven-count indictment. On January 16, 1957, he appeared with counsel before a District Judge in the United States District Court for the Eastern District of Michigan and pled guilty to Count I of the indictment (alleging a conspiracy to violate the narcotics laws, in violation of 18 U.S.C. § 371.) Like the District Judge who heard this motion, we find no merit to appellant's contention that this plea was involuntary.

The record in this case discloses, however, that for reasons which are no longer possible to explore, the District Judge (now deceased) after taking appellant's plea of guilty to the conspiracy count told appellant's counsel, who was from New York, that he (appellant's counsel) would not need to return for the sentencing. This was done in the presence of appellant.

Prior to sentencing the government filed an information alleging that appellant had a prior narcotics conviction and that appellant was subject to increased sentence pursuant to 26 U.S.C. § 7237 (1964).

On February 8, 1957, the District Judge sentenced appellant on Count I to a term of seven years, with two of those years to run concurrent to a sentence for criminal contempt to which he had previously sentenced appellant.[1] The sentence was administered in the absence of appellant's counsel, and after a colloquy between the District Judge and appellant wherein appellant appears to us to have expressed doubts about waiving counsel. Nonetheless, the District Judge who heard and denied this § 2255 motion apparently found this colloquy to have been a free and voluntary waiver.

The Sixth Amendment right to counsel at sentencing as a critical part of a criminal prosecution has recently been emphasized by the Supreme Court. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). The holding in Mempa v. Rhay is retroactive. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).

On the issue of waiver of counsel, the Supreme Court has said:

"The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v.

---

* Hon. Girard E. Kalbfleisch, United States District Judge for the Northern District of Ohio, sitting by designation.

1. At the time appellant was serving a sentence of 14 years under a conviction in the State of New York.

Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).

 We believe that the District Judge's instruction to appellant's counsel that he need not return for sentencing was plain error. Mempa v. Rhay, *supra.*

We have read the colloquy at sentencing between the Judge and appellant, and we cannot conclude that against the background recited above this record discloses a free and intelligent waiver of counsel. The Supreme Court has pointed out that "a finding of waiver [of counsel] is not lightly to be made." Moore v. Michigan, 355 U.S. 155, 161, 78 S.Ct. 191, 195, 2 L.Ed.2d 167 (1957).

We find no merit to appellant's equal protection argument.

The sentence in this case is vacated and the case is remanded to the District Court for resentencing of appellant.