No. 71–5405. ROBINS *v.* UNITED STATES.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL join, dissenting.

On March 4, 1964, petitioner was arraigned in the United States District Court on charges of prison escape and accompanying assaults. Counsel was appointed that day, and after petitioner and the attorney assured the court they had had sufficient time earlier in the day to

confer, the court accepted petitioner's guilty pleas. On June 22, 1964, petitioner returned for sentencing, and the following occurred:

> "The Court: Mr. Robbins [*sic*], when [last] before the Court, was represented by appointed counsel, Mr. Sheldon Crossette, a member of the bar of Wyandotte County and of this Court.
>
> "I excused Mr. Corssette [*sic*] from further representation of Mr. Robbins [*sic*] since he is in Kansas City and this hearing is in Leavenworth.
>
> .          .          .          .          .
>
> "Mr. Robbins [*sic*], do you desire that other counsel be appointed to represent you at this hearing?
>
> "Defendant Robbins [*sic*]: No.
>
> "The Court: You understand that you have the right to have counsel?
>
> "Defendant Robbins [*sic*]: Yes.
>
> "The Court: And you waive that right?
>
> "Defendant Robbins [*sic*]: Yes, sir."

Petitioner was then sentenced to consecutive five-year terms of imprisonment on two counts and a concurrent five-year term on a third, all to follow any sentence then being served.

Petitioner subsequently filed a motion in the sentencing court to vacate sentence under 28 U. S. C. § 2255, contending, first, that in summarily relieving his appointed attorney, the trial court had denied him his constitutional right to the assistance of counsel and, second, that he had not validly waived his right to counsel. In particular, petitioner alleges that he did not accept the court's offer to appoint new counsel for fear of angering the court, and because he did not think a new attorney, unfamiliar with the case, could help him. The District Court in an unreported order denied relief without a

hearing, on the ground that the records of the case "conclusively" demonstrated a valid waiver. The Court of Appeals for the Tenth Circuit affirmed in an unreported *per curiam* opinion.

The principles governing this case are well established. Petitioner, of course, had a constitutional right to counsel at his sentencing proceedings. *McConnell* v. *Rhay,* 393 U. S. 2 (1968); *Mempa* v. *Rhay,* 389 U. S. 128 (1967). Although the Constitution "does not require that under all circumstances counsel be forced upon a defendant," *Carter* v. *Illinois,* 329 U. S. 173, 174–175 (1946), a waiver of the right to counsel is valid only if it is voluntarily and understandingly made. *Johnson* v. *Zerbst,* 304 U. S. 458 (1938).

> "The fact that an accused may tell [the judge] that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of . . . all . . . facts essential to a broad understanding of the whole matter." *Von Moltke* v. *Gillies,* 332 U. S. 708, 724 (1948).

Moreover, " 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and . . . we 'do not presume acquiescence in the loss of fundamental rights.' " *Johnson* v. *Zerbst, supra,* at 464. See also, *e. g., Carnley* v. *Cochran,* 369 U. S. 506 (1962); *Moore* v. *Michigan,* 355 U. S. 155 (1957); *Von Moltke* v. *Gillies, supra; Glasser* v. *United States,* 315 U. S. 60 (1942). Finally, petitioner was entitled to "a prompt hearing" on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner [was] entitled to no relief . . . ." 28 U. S. C. § 2255. See, *e. g., Sanders* v. *United States,* 373 U. S. 1 (1963).

Whether petitioner was properly denied a hearing presents a serious question. Nothing in the record suggests, let alone demonstrates "conclusively," that petitioner's statement of waiver of new counsel at sentencing was made "with an apprehension of . . . all . . . facts essential to a broad understanding of the whole matter." *Von Moltke* v. *Gillies, supra,* at 724. Nothing reveals an awareness on his part that the offer of new counsel was more than "a mere procedural formality," *id.,* at 722— that counsel would have been appointed not merely to stand by his side while the court pronounced sentence. Nothing indicates an appreciation that a continuance might have been granted to permit new counsel to familiarize himself with the case and render the services that this Court has said are integral to " 'the very integrity of the fact-finding process.' " *McConnell* v. *Rhay, supra,* at 3. On the contrary, the record offers some support for petitioner's allegation that, although he wanted meaningful representation, he felt he could not press for it without antagonizing the court.

Moreover, the record is silent on any waiver of error in the dismissal of petitioner's already appointed attorney, and that dismissal itself raises substantial constitutional questions. In *Vellucci* v. *United States,* 430 F. 2d 188 (1970), the Court of Appeals for the Sixth Circuit held it to be plain error for a trial judge to excuse the defendant's attorney before sentencing. The Court of Appeals below distinguished *Vellucci* on the ground that the defendant there, unlike petitioner here, was not offered new counsel. But an unaccepted offer of new counsel can hardly render harmless any error in dismissing an already appointed attorney.

Lawyers are not necessarily fungible goods, to be replaced at the whim of the court. Counsel's prior experience in a case, his familiarity with the facts and prior proceedings, and the position of trust he may have

gained with the defendant are factors arguing for continued representation by the same attorney. This case is barren of any indication that the interests of petitioner were considered in the dismissal of his appointed counsel. I would accordingly grant this petition for certiorari.