**UNITED STATES of America ex rel. Luther W. MILLER, # 58619, Petitioner,**

v.

**John J. TWOMEY, Warden Illinois State Penitentiary Stateville Branch, Joliet, Illinois, Respondent.**

No. 71 C 1885.

United States District Court, N. D. Illinois, E. D.

Sept. 17, 1971.

Luther Miller, pro se.

William J. Scott, Atty. Gen. of Illinois, for defendant.

## MEMORANDUM OPINION

### Motion to Dismiss

MAROVITZ, District Judge.

This is a petition for a writ of habeas corpus by a prisoner presently incarcerated at Illinois State Penitentiary, Stateville, Joliet, Illinois, pursuant to a lawful conviction for armed robbery from the Circuit Court of Cook County. Prisoner is seeking release from "B" house lock-up (a mode of segregation designated for more difficult to handle prisoners wherein privileges available to the general prison population are curtailed and limited), on the grounds that he was confined therein without regard to due process of law and that conditions in "B" house are such that they constitute a form of cruel and unusual punishment in violation of the Eighth Amendment.

How petitioner came to be so segregated is relevant. On June 25, 1971 a minor riot broke out in the recreation area between guards and prisoners and consequently the warden placed the entire prison, including petitioner, on "dead-lock", a maximum security procedure whereby prisoners are kept in their cells under twenty-four hour lock-in. The justification for this procedure was to provide for a "cooling-off" period and to prevent any further threat to prison security. (Respondent's Exhibit A, p. 2). On July 7, 1971 petitioner was transferred to Cell House "B", on restricted status subsequent to a review of his prison record by prison officials. The stated grounds for his segregation, which was communicated to him on August 14, 1971, was his repeated infractions of prison rules and his threat to

prison security. (Respondent's Exhibit A, p. 5.)

Both objectively and subjectively petitioner's claim that there was a lack of due process in the procedure that confined him to "B" house fails to allege facts which rise to the denial of a constitutional right. Generally, this court will not second guess penological judgements which are wholly within the expertise of prison officials, and absent any clear or blatant violation of due process the federal court will not interfere with prison administration. "There is no doubt that discipline and administration of state detention facilities are state functions." Johnson v. Avery, 393 U.S. 483 at 486, 89 S.Ct. 747, at 749, 21 L.Ed.2d 718. Courts have long been reluctant to meddle in the affairs of state penitentiaries, where broad discretion must be allowed if the efficacy of penal measures are not to be impaired. "The power of promulgating regulations necessary for the safety of the prison population * * * is vested in correction officials with expertise in the field and not in the courts. There can be no question that they must be granted wide discretion in the exercise of such authority." Long v. Parker, 390 F.2d 816 at 820 (3rd Cir. 1968). Where an imminent and real threat to security in the prison exists this discretion is all the more broad and flexible. Fortune Society v. McGinnis, 319 F.Supp. 901 (S.D. N.Y.1970). Carter v. McGinnis, 320 F. Supp. 1092 (W.D.N.Y.1970).

This court is no stranger to both procedure and conditions at Stateville Prison. In Adams v. Pate, 70 C 474 a Civil Rights suit pursuant to 42 U.S.C.A. §§ 1983, 1985, this court reviewed the basic administrative procedure utilized in segregating prisoners at the same prison wherein present petitioner is incarcerated and found that procedure to conform with due process requirements. The Seventh Circuit Court of Appeals in affirming our conclusions said " * * * the administrative action here involved

\* \* \* would appear to fairly and rationally satisfy the concept of procedural due process." Adams v. Pate, 445 F.2d 105 (7th Cir. 1971). Similarly, in Sostre v. McGinnis, 442 F.2d 178 (2nd Cir. 1971), the court in carefully considering the due process requirements in segregating prisoners in the New York penitentiary found the procedure used, much akin to those used in Illinois, to be adequate.

■ In view of the fact that the petitioner does have a long record of prison infractions (Respondent's Exhibit A pp. 9–11), that there was an imminent threat to prison security and considering the rule of judicial deference to state penological decisions we have no alternative but to dismiss the portion of the petition as regards his allegations of lack of due process.

■ We are likewise compelled to dismiss petitioner's claims relating to cruel and unusual punishment. It is undisputed that segregated confinement does not itself violate the Constitution. Burns v. Swenson, 430 F.2d 771 (8th Cir. 1970); United States ex rel. Knight v. Ragen, 337 F.2d 425 (7th Cir. 1964), cert. denied 380 U.S. 985, 85 S.Ct. 1355, 14 L. Ed.2d 277.

■ Petitioner's description of conditions at Stateville are not new to this court. In Adams v. Pate, *supra*, the petitioner submitted a thorough list of conditions in disciplinary confinements at Stateville, the same segregated confinement wherein present petitioner is confined. Upon closely scrutinizing petitioner's contentions we found that no cruel or unusual punishment did in fact exist, though conditions were indeed far from ideal or tolerable. In affirming that finding the Court of Appeals said, "While these alleged cell conditions un-

doubtedly would make confinement in such quarters unpleasant, they do not constitute conditions 'so foul, so inhuman and so violative of basic concepts of decency' to fall within the proscriptions of the Eighth Amendment. Wright v. McMann [2nd Cir.,] 387 F.2d 519. They are far removed from the conditions of confinement which led to the contrary conclusions in Wright v. McMann, and the similar cases, such as Jordan v. Fitzharris, 257 F.Supp. 674 (N.D.Cal.1966), relied upon by the plaintiff." Adams v. Pate, 445 F.2d 105 (7th Cir. 1971).

It might well be that our "basic concepts of decency" as regards prison conditions have not kept apace with the moral standards of our times. No doubt the unnecessary severity of prison life tends to infuriate rather than rehabilitate as witness the recent events at Attica Prison, in New York. Yet the source of alleviation of these conditions cannot be the federal court when those conditions fall short of the cruel and unusual punishment proscribed by the Eighth Amendment. As the court in Sostre v. McGinnis, *supra*, aptly put it after examining conditions of confinement similar to those alleged by petitioner, "For a federal court, however, to place a punishment beyond the power of a state to impose on an inmate is a drastic interference with the state's free political and administrative processes." 442 F.2d 178 at 191.

While not in any sense condoning conditions at Stateville we are compelled to dismiss this petition for failure to allege facts that rise to the denial of either due process of law or freedom from cruel and unusual punishment.

The respondent's motion to dismiss is granted. The petition for a writ of habeas corpus is denied.