Frederick STEWART, on behalf of himself and all others similarly situated,
Plaintiff,

v.

Lawrence A. JOZWIAK, Superintendent of the Milwaukee County House of Correction, and the Milwaukee County Board of Supervisors, in their official capacity, and their agents, employees, successors in office, assistants and all persons acting in concert or cooperation with them or at their direction or under their control, Defendants.

No. 72–C–346.

United States District Court,
E. D. Wisconsin.

July 12, 1972.

John F. Ebbott, Freedom Through Equality, Stuart E. Schmitz, Corrections Legal Services Program, Milwaukee, Wis., for plaintiff.

Robert P. Russell, Corp. Counsel by Gerald G. Pagel, Asst. Corp. Counsel, Milwaukee, Wis., for defendants.

## OPINION

MYRON L. GORDON, District Judge.

The plaintiff has moved for a preliminary injunction and also for an order authorizing him to maintain this suit as a class action. Shortly after the action was originally filed, this court entered a temporary restraining order dated June 16, 1972 which barred the imposition of disciplinary measures on the plaintiff until he was afforded "an administrative hearing."

In my opinion, both of the plaintiff's present motions should be granted. This is an appropriate case for a class action, and there appears to be no justifiable reason for denying to the plaintiff his application to maintain this on behalf of others similarly situated.

With reference to the motion for a preliminary injunction, there is a probability of the plaintiff's ultimately prevailing in this action. The problem in the case at bar is not whether an inmate of the house of correction is entitled to due process in connection with internal disciplinary proceedings, but rather, the problem is one of defining the extent and nature of his procedural rights. The discipline of an inmate sub-

jects him to significant and meaningful deprivations which demand minimum procedural safeguards under the fourteenth amendment. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). In Carothers v. Follette, 314 F.Supp. 1014, 1028 (S.D.N.Y.1970), the court observed that inmates are entitled "to procedural due process commensurate with the practical problems faced in prison life."

In his complaint, at paragraph 5(b), the plaintiff demands the following rights at a disciplinary hearing:

"1. The right to be represented by an attorney or a lay representative;

"2. The right to call witnesses to testify in one's behalf;

"3. The right to confront and cross-examine one's accusers;

"4. The right to written notice of specific charges sufficiently in advance of a hearing to allow time to prepare a response.

"5. The right to be heard by an impartial tribunal independent of House of Correction administration; and

"6. The right to a written record of the hearing, decision, reasons therefor and evidence relied upon."

In their brief, the defendants acknowledge that when solitary confinement is imposed on an inmate the result is not "inconsequential". Nevertheless, the defendants urge that a preliminary injunction not be issued and point to the need of jail officials being "able to administer prompt and certain punishment when a rule infraction is established."

In my judgment, the defendants' position is no longer tenable in light of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (decided June 12, 1972). See also the recent decision of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (decided June 29, 1972). The defendants' arguments also run counter to the following rulings in which the writer participated: Jones v. Robinson, 142 U.S.App.D.C. 221, 440 F.2d 249, 251 (1971); Neddo v. Housing Authority, 335 F.Supp. 1397 (E.D.Wis. 1971). See also Krause v. Schmidt, 341 F.Supp. 1001 (W.D.Wis.1972); Landman v. Royster, 333 F.Supp. 621 (E.D. Va.1971); and Carothers v. Follette, 314 Cir. 1971).

F.Supp. 1014 (S.D.N.Y.1970). But cf. Sostre v. McGinnis, 442 F.2d 178 (2d interview all the witnesses himself, incused patient, and make a written cluding those suggested by the ac-

In Jones v. Robinson, supra, the minimum due process requirements were outlined by the court as follows at pages 251–252 of 440 F.2d:

"1. That the officer conducting the inquiry be neutral, in the sense that where possible he have no prior connection with the accused patient, his alleged victim, or the incident under investigation. *Compare* Goldberg v. Kelly, *supra*, 397 U.S. at 271, 90 S. Ct. 1011. A doctor, an administrative assistant to the superintendent or sim-serve in this capacity.

"2. That the investigating officer ilar personnel of the hospital could memorandum of each interview. In this way the same fact finder can judge the credibility of all witnesses. *Compare* Goldberg v. Kelly, *supra*, 397 U.S. at 269, 90 S.Ct. 1011.

"3. That copies of these memoranda be made available to the accused patient and that he be given an opportunity to respond to the allegations contained therein. *Compare* Goldberg v. Kelly, *supra*, 397 U.S. at 267–268, 90 S.Ct. 1011.

"4. Where the hospital authorities believe that confrontation and cross-examination will not adversely affect the patients involved, including the witnesses, confrontation and cross-examination to the extent indicated should be permitted. *Compare* Goldberg v. Kelly, *supra*, 397 U.S. at 270, 90 S.Ct. 1011.

"5. That a lawyer to represent the accused patient is not required, but the hospital authorities may conclude that a lay representative assigned to the accused patient may be in the interest of justice. *Compare* Goldberg v. Kelly, *supra*, 397 U.S. at 270, 90 S. Ct. 1011.

"6. No court reporter or transcript of the proceedings would ordinarily be necessary, but detailed informal memoranda should be kept by the investigating officer who shall also make findings and give reasons for his decision. *Compare* Goldberg v. Kelly, *supra*, 397 U.S. at 271, 90 S.Ct. 1011. These memoranda, together with his findings and reasons, should become a part of the permanent records of the hospital. *Compare* Williams v. Robinson, *supra*, 139 U.S.App.D.C. at 209–210, 432 F.2d [637] at 642–643.

"7. That while the investigating officer may determine whether the evidence is sufficient to justify a transfer of the accused patient to John Howard, to be effective that judgment must be affirmed by the superintendent of the hospital after a review of the record."

Another expression on this general topic was presented by the United States Supreme Court in its very recent ruling in Morrissey v. Brewer, supra. At page 489, of 408 U.S., 2604 of 92 S.Ct., the following minimum requirements of due process were delineated:

" . . . They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense; it is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial."

In my opinion, the plaintiff and the class he represents are entitled to a preliminary injunction granting them what the Supreme Court in Morrissey v. Brewer referred to as "an effective but informal hearing."

Until the matter is finally resolved at trial, I am not prepared to order that the inmate must be represented or that such representation must be by an attorney. Similarly, I am not persuaded at this time that the tribunal should be "independent of House of Correction administration." I seriously doubt that an inmate is entitled to a "written record of the hearing", but I believe he is entitled to a written decision containing the conclusions of the hearing officers.

It follows that the court will sign a preliminary injunction, which plaintiff's counsel is requested to prepare, which requires a hearing on alleged misconduct by an inmate before an individual who was not involved in the transaction and who has not participated in an investigation of the charges. The inmate is entitled to a reasonable advance notice of such hearing, but such notice need not be in writing; a general description of the charges, however, must be in writing and given to the inmate involved. An inmate may present witnesses at such hearing and is entitled to confront and question his accusers. Finally, the hearing officer shall compose a short, written statement of his conclusions.

The proposed preliminary injunction referred to above, as well as the order authorizing the plaintiff to maintain this case as a class action, shall be sub-

mitted to defendants' counsel before tendering the same to the court. The proposed order should also terminate the temporary restraining order of June 16, 1972.