**Tommie BROWN et al., Plaintiffs,**

v.

**Dr. Edward F. SCHUBERT, Defendant.**

**No. 72–C–438.**

United States District Court,
E. D. Wisconsin.

Aug. 18, 1972.

Order Aug. 31, 1972.

Corrections Legal Services Program, by Anthony J. Theodore, Madison, Wis., for plaintiffs.

Robert W. Warren, Atty. Gen., by Donald P. Johns and Ward L. Johnson, Asst. Attys. Gen., Madison, Wis., for defendant.

## DECISION

MYRON L. GORDON, District Judge.

The plaintiffs, who are confined at the Central State Hospital in Waupun, Wisconsin, seek a preliminary injunction. In their complaint, they allege several deprivations of rights and seek redress pursuant to 42 U.S.C. §§ 1983 and 1988. They demand both equitable and monetary relief.

In the first claim of the complaint, it is charged that the plaintiffs were transferred from minimum security fa-

cilities to maximum security facilities after they had mailed certain letters, copies of which are annexed to the complaint. The complaint then itemizes various deprivations of liberties and rights which allegedly attended the transfers to maximum security wards.

In their second claim, the plaintiffs aver that the transfers referred to above were effected without any notice or hearing.

In their brief, the defendants urge that the transfers were therapeutic rather than punitive. They also argue that due process was in fact afforded the plaintiffs.

This decision will relate to the plaintiffs Brown and Howland and no determination is made herein on the question of maintaining this as a class action. For the purposes of this motion only, I find that there is a reasonable probability of ultimate success in the action by the plaintiffs Brown and Howland. Accordingly, certain portions of their application for preliminary injunction should be granted. Thus, I conclude that each of the two individually named plaintiffs is entitled to be restored to the status and ward assignment which he held before July 27, 1972, with all the rights and privileges which are attendant to such former status.

The preliminary injunction may also provide that the defendants are enjoined from censoring or interfering in any other way with said plaintiffs' correspondence. The defendants are also to be preliminarily enjoined from taking any punitive actions against the two named plaintiffs without first providing them with procedural due process as outlined in my recent decision in Stewart v. Jozwiak, 346 F.Supp. 1062, a copy of, which is annexed hereto. See Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) and Jones v. Robinson, 440 F.2d 249, 251 (D.C.Cir.1971).

Plaintiffs' counsel is requested to prepare an order granting a preliminary injunction and to submit it to me for signature not earlier than 48 hours after having exhibited it to defendants' counsel.

## ORDER

Upon the basis of the entire record and pursuant to a decision entered on August 18, 1972, I make the following findings of fact and conclusions of law, which are limited to the context of the individual plaintiffs' motion for a preliminary injunction.

I find that both plaintiffs are confined at the Central State Hospital at Waupun, Wisconsin. On July 27, 1972, defendant, the superintendent of that institution, ordered the plaintiffs transferred from minimum security facilities to maximum security facilities after learning that they had mailed letters, copies of which are annexed to the verified complaint, to a Madison Urban League official and a Madison newspaper reporter. As a result of the ward transfers, plaintiffs suffered the loss of various liberties and rights, including the loss of physical amenities and freedom of movement enjoyed on the minimum security wards, and the loss of access to various forms of treatment available previously. In addition, the defendant dismissed the plaintiff Howland from his position as institution photographer and rescinded a recommendation to the Department of Health and Social Services that Howland be transferred to Mendota State Hospital. The defendant also ordered the censorship of all of plaintiffs' mail.

I further find that the above actions were taken to punish the plaintiffs for writing the letters and were taken without any notice or hearing.

The complaint alleges that the defendant, acting under color of state law, has deprived the plaintiffs of rights secured to them by the Constitution of the United States. First, the freedom of expression guaranteed to them by the First and Fourteenth Amendments, and second, the rights to procedural and substantive due process guaranteed to them by the Fourteenth Amendment.

Jurisdiction is present under 28 U.S. C. § 1343(3) and (4), and 42 U.S.C. § 1983.

I find and conclude that the injury to the plaintiffs resulting from defendant's actions are irreparable and that there is a reasonable probability of success by plaintiffs Howland and Brown. Accordingly, the defendant, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are:

1. Preliminarily ordered to restore each of the two individually named plaintiffs to the status and ward assignment he held before July 27, 1972, with all the rights and privileges which are attendant to such former status, including, with respect to the plaintiff Howland, the reinstatement of the recommendation to the Department of Health and Social Services that he be transferred to Mendota State Hospital.

2. Preliminarily enjoined from censoring or interfering in any other way with said plaintiffs' correspondence, except that the right to inspect mail for contraband shall not be abrogated; such inspection may only be accomplished, however, through visual and manual examination of the envelopes, boxes and other containers in which correspondence is received or intended to be sent, and such examination must be performed in the prisoners' presence.

3. Preliminarily enjoined from taking any punitive actions against the two named plaintiffs without first providing them with procedural due process as outlined in my recent decision in Stewart v. Jozwiak, 346 F.Supp. 1062 (E.D.Wis. 1972, decided August 11, 1972), and including a hearing on alleged misconduct by a patient before an individual who was not involved in the transaction and who has not participated in an investigation of the charges. The patient is entitled to a reasonable advance notice of such hearing, but such notice need not be in writing; a general description of the charges, however, must be in writing and given to the patient in-

volved. A patient may present witnesses at such hearing and is entitled to confront and question his accusers. Finally, the hearing officer shall compose a short, written statement of his conclusions.