Issiah GRIGGS, Plaintiff,

v.

Lieutenant LIETHLITER et al., Defendants.

No. 72 C 1882.

United States District Court, N. D. Illinois, E. D.

March 16, 1973.

Issiah Griggs, pro se.

Jayne A. Carr, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter arises upon defendants' motion for summary judgment or to dismiss plaintiff's *pro se* complaint.

Plaintiff, a prisoner in the Illinois State Penitentiary branch at Joliet, instituted this action by the filing of a "motion for civil action and damages" which will be treated here as a complaint. Defendants have directed the instant motion only to plaintiff's claim that he was denied due process in his disciplinary hearing. The Court therefore will not reach the merits of his

equal protection, double jeopardy, and cruel and unusual punishment claims.

Plaintiff's motion alleges the following sequence of events. On March 30, 1972, plaintiff was summoned before the disciplinary committee and gave his account of an incident involving himself and defendant Dunn. At plaintiff's request, two officers were summoned and gave testimony. When plaintiff was subsequently called by the committee, two other officers, including Dunn, were not present, though he had asked for them to be summoned. At a later meeting of the committee, plaintiff was given a copy of a disciplinary report written by defendant Himminghoefer. His request that all witnesses, including inmates, be called was agreed to after an argument. At a later meeting, the two officers not present at the second meeting appeared. After the two officers testified, plaintiff was found guilty and sentenced to fifteen days in isolation and referred to the Merit Staff for consideration of further penalties. The Merit Staff recommended that plaintiff be demoted to "C" grade and that three months of good time be revoked.

Even according plaintiff's pleading the most liberal reading, it is clear that he cannot show that he was deprived of due process by the disciplinary proceedings. The gist of the due process claim is that plaintiff was denied the right to call witnesses in his behalf and to confront and cross-examine adverse witnesses. Plaintiff's motion admits that all witnesses which he called appeared before the disciplinary committee at some point. The only issue remaining is whether plaintiff should have been allowed to confront and cross-examine his accusers. Even assuming that he requested and was denied these rights (see Simmons v. Russell, 352 F.Supp. 572, 578 (M.D.Pa.1972)), this Court concludes that due process did not require them to be afforded.

This decision has been reached with the knowledge that certain other courts have reached the opposite conclusion.[1] This Court is not alone, however, in its belief that confrontation and cross-examination are not required in this situation.[2] Defendants cite Adams v. Pate, 445 F.2d 105, 108 (7th Cir. 1971), in support of their argument that the procedure used here comports with due process, and the Court notes that two decisions have read *Adams* to say this. *Lathrop, supra* note 2; United States ex rel. Miller v. Pate, 333 F.Supp. 1352, 1353–54 (N.D.Ill.1971). Even if *Adams* is not direct precedent, as was held in *Krause, supra* note 1, this Court believes that the Seventh Circuit has shown, by its reliance on *McGinnis, supra* note 2[3], that it would hold that confrontation and cross-examination are not required under the circumstances alleged if it were faced with the issue.

1. Jones v. Robinson, 142 U.S.App.D.C. 221, 440 F.2d 249, 252 (1971); Rankin v. Wainwright, 351 F.Supp. 1306, 1307 (M.D.Fla.1972); Colligan v. United States, 349 F.Supp. 1233, 1237–38 (E.D.Mich. 1972); Brown v. Schubert, 347 F.Supp. 1232, 1233 (E.D.Wis.1972); Stewart v. Jozwiak, 346 F.Supp. 1062, 1063–64 (E.D.Wis.1972); United States ex rel. Neal v. Wolfe, 346 F.Supp. 569, 574–75 (E.D.Pa.1972); McDonnell v. Wolff, 342 F.Supp. 616, 626–28 (D.Neb.1972); Krause v. Schmidt, 341 F.Supp. 1001, 1004–1008 (W.D.Wis.1972); Landman v. Royster, 333 F.Supp. 621, 653 (E.D.Va. 1971); Clutchette v. Procunier, 328 F. Supp. 767, 781–84 (N.D.Cal.1971); Sostre v. Rockefeller, 312 F.Supp. 863, 872 (S.D.N.Y.1970), rev'd, 442 F.2d 178, 198, 203 (2d Cir. 1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972).

2. Sostre v. McGinnis, 442 F.2d 178, 198 (2d Cir. 1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972); Baker v. Beto, 349 F.Supp. 1263, 1268 (S.D.Tex.1972); Braxton v. Carlson, 340 F.Supp. 999, 1001–1003 (M.D.Pa.1972); Lathrop v. Brewer, 340 F. Supp. 873, 881 (S.D.Iowa 1972); Urbano v. McCorkle, 334 F.Supp. 161, 167–68 (D.N.J.1971); Nolan v. Scafati, 306 F. Supp. 1, 4 (D.Mass.1969), vacated on other grounds, 430 F.2d 548 (1st Cir. 1970).

3. Wheeler v. Glass, 473 F.2d 983 (7th Cir., 1973); *Adams, supra.*

However, aside from the apparent position of the Seventh Circuit, this Court is of the view that something less than all of the procedural safeguards set forth in Goldberg v. Kelly, 397 U.S. 254, 267–271, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), may be sufficient in matters such as plaintiff's disciplinary proceedings. See Morrissey v. Brewer, 408 U.S. 471, 487, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Graham v. Knutzen, 351 F. Supp. 642, 666 (D.Neb.1972). Balancing plaintiff's interest in confrontation and cross-examination against the prison's interest in a summary procedure and protection of its staff from reprisals, the Court concludes that the procedural benefits sought by plaintiff were not required.

Accordingly, plaintiff's due process claim is hereby dismissed. Defendants shall answer or otherwise plead to the remaining claims within thirty (30) days from the date of this opinion.

It is so ordered.