Joseph Paull, Washington, D. C., for appellant.

Harold H. Titus, Jr., U. S. Atty. and John A. Terry, Asst. U. S. Atty., entered appearances for appellee.

Before BAZELON, Chief Judge, and LEVENTHAL and ROBB,* Circuit Judges.

**Daniel JACKSON, Appellant,**

v.

**Luther ROBINSON.**

**No. 71–1950.**

United States Court of Appeals, District of Columbia Circuit.

March 20, 1973.

As Amended March 27, 1973.

BAZELON, Chief Judge:

This is a motion for stay of Jackson's appeal from a denial by the District Court of his petition for habeas corpus. In the interval between filing of the appeal and its consideration by this court, Jackson has been afforded partial relief on his petition, and he has filed a new petition in the District Court seeking the remaining relief to which he feels entitled. Nevertheless, he now asks this court to stay proceedings and retain jurisdiction on his appeal "because of the asserted power of the Hospital to return him to maximum security without even a minimal due process hearing." Although we are deeply troubled by appellant's plight for reasons which are developed below, we nevertheless deny his pe-

---

* Circuit Judge ROBB did not participate in this Opinion.

tition for stay. He must therefore choose whether to pursue his appeal or dismiss it.

Daniel Jackson was committed to St. Elizabeths Hospital on March 3, 1969 by the District Court after having been found not guilty by reason of insanity of burglary and rape charges. Jackson is mentally retarded, at the lower end of the mild retardation range. He was a patient in the John Howard Pavilion since his admission in 1969. In August of 1970 he was transferred to a minimum security ward and eloped from the Hospital shortly thereafter. He voluntarily returned with his mother approximately one week later. After a brief stay in a minimum security ward, he was placed in maximum security.

In the petition for habeas corpus from which Jackson has appealed,[1] he asserted that he was being illegally confined in maximum security as punishment for elopement and without minimal due process afforded him. Jackson further alleged that he should be treated as a substantially retarded person under 21 D.C. Code, ch. 11, and released from St. Elizabeths. On the basis of the testimony of the psychiatrist in charge of Jackson's ward, the District Court found that the Hospital's medical opinion that Jackson "has failed to demonstrate proper motivation and behavior to merit a transfer from the maximum security ward" is "reasonable in view of the relevant information available to it."[2] The court held that therefore Jackson was being legally detained in maximum security. The court further held that since Jackson had not shown that he was entitled to unconditional release under 24 D.C. Code § 301(e), he was not a feeble-minded person as defined in 21 D.C.Code § 1101 and was not entitled to treatment under that chapter.

Jackson challenged both holdings in his appeal, notice of which was filed on October 28, 1971. Appellant's brief was filed on September 15, 1972. On November 10, 1972, Jackson filed the petition for stay of proceedings in this court which is now before us. In this petition, Jackson asserts the following:

1. Since filing this appeal, appellant has been afforded partial relief in that he has been placed in minimum security and has been given ground privileges at St. Elizabeths Hospital. As a result, he does not wish to be treated as a feeble-minded person.

2. He has reason to believe that a new habeas corpus action may cause his release or conditional release thus giving him the relief he requested.

3. Nevertheless, he desires this Court to retain jurisdiction because of the asserted power of the Hospital to return him to maximum security without even a minimal due process hearing.

It appears that Jackson is attempting to insure judicial scrutiny of a future transfer into maximum security, at least during the pendency of his new petition for habeas corpus in the District Court.[3]

We recognize the importance of the issue which Jackson is trying to keep alive. Numerous complaints to the District Court and to this court have attacked the lack of adequate administrative procedures to afford minimal due process to patients confined in or trans-

---

1. In 1970 Jackson petitioned for release charging substantially the same violations of his rights. The District Court discharged the writ and Jackson apparently did not appeal.

2. Jackson v. Robinson, Findings of Fact and Conclusions of Law, HC No. 85–71, issued October 19, 1971, citing Williams v. Robinson, 139 U.S.App.D.C. 204, 208, 432 F.2d 637, 641 (1970) and Tribby v.

Cameron, 126 U.S.App.D.C. 327, 328, 379 F.2d 104, 105 (1967).

3. If pursuant to the new writ Jackson is released from the Hospital, presumably it will no longer have the power to detain him in maximum security. If his writ is denied, there is some question whether Jackson will pursue this appeal in its stead.

ferred to maximum security wards in the John Howard Pavilion.[4] There are indications that the cases actually considered by this court may be merely the tip of the iceberg.[5] Certainly we know that it is often impossible for a patient to obtain full judicial review of hospital procedures and dispositions involving cognizable rights before his complaint is rendered moot by a change in his circumstances—transfer, grant of conditional release or other remedial efforts—as has happened in this case.[6]

We are disturbed to think that this reality allows the Hospital to refrain from adopting the record-keeping and decision-making procedures which we have construed both statute and the Constitution to require.[7] We repeat our by now familiar litany urging the Hospital to establish internal review and grievance procedures to supervise placement in maximum security, as well as release and treatment practices.[8] And we are even more concerned that the hospital may be able to deliberately render issues moot prior to judicial consideration, and thus avoid the case-by-case

review of complaints and grievances which serve as the "safety catch" on any administrative system.[9]

Jackson seeks to fashion his own remedy to the potential problem of mootness by having this court stay its consideration of the issue, retain jurisdiction and "hover in the wings" should his rights be placed in jeopardy again.

This we decline to do, since Jackson's case would perhaps then raise substantially different factual grounds relevant to immediate relief which would require de novo hearing. Furthermore, the issue could properly be raised in Jackson's petition for habeas corpus, which we assume from this motion is now pending in the District Court. Finally, Jackson may be able to obtain the relief he seeks by pursuing the instant appeal. He may not have lost his right to a determination of the validity of his previous confinement in maximum security—either because that confinement may have continued collateral consequences [10] or because the case presents a question of substantial importance which is likely to

4. Covington v. Harris, 136 U.S.App.D.C. 35, 419 F.2d 617 (1969); Dixon v. Jacobs, 138 U.S.App.D.C. 319, 427 F.2d 589 (1970); Williams v. Robinson, 139 U.S.App.D.C. 204, 432 F.2d 637 (1970); Jones v. Robinson, 142 U.S.App.D.C. 221, 440 F.2d 249 (1971); Justin v. Jacobs, 145 U.S.App.D.C. 355, 449 F.2d 1017 (1971); Waite v. Jacobs, 154 U.S.App. D.C. —, 475 F.2d 392; Moffitt v. Robinson (Crim. No. 1450–69 pending in District Court).

5. From the cases seen by this court in the seven years since Rouse v. Cameron, 125 U.S.App.D.C. 366, 373 F.2d 451 (1966) highlighted the lack of administrative and record-keeping procedures at St. Elizabeth's, there is no indication of the adoption of any general revision of procedure or regulations.

6. For example, Williams v. Robinson, 139 U.S.App.D.C. 204, 432 F.2d 637 (1970). And see Justin v. Jacobs, supra note 4, 145 U.S.App.D.C. at 358, 449 F.2d at 1020.

7. See cases cited note 4, supra. We note that in this case the District Court's determination with regard to the "reasonableness" of the Hospital's decision was apparently based entirely on the testimony

of the psychiatrist at the hearing. In Williams v. Robinson, supra note 4, 139 U.S.App.D.C. at 209, 432 F.2d at 642 we held that:

"except as noted below, when a patient at Saint Elizabeths seeks to challenge the legality of hospital decisions regarding the treatment accorded him or the manner of his confinement, the hospital may not rely upon information or explanations not in the patient's hospital record to justify its decision."

8. See Rouse v. Cameron, supra note 5, 125 U.S.App.D.C. at 371 n. 22, 373 F.2d at 456, n. 22; Bolton v. Harris, 130 U.S. App.D.C. 1, 10, n. 58, 395 F.2d 642, 652 n. 58 (1968); Covington v. Harris, supra note 4, 136 U.S.App.D.C. at 45, 419 F.2d at 627.

9. Cf. Covington v. Harris, supra note 4, 136 U.S.App.D.C. at 42, 419 F.2d at 624.

10. See, e. g., Jones v. Robinson, supra note 4, 142 U.S.App.D.C. at 222, n. 1, 440 F. 2d at 250, n. 1; Justin v. Jacobs, supra note 4, 145 U.S.App.D.C. 355, 449 F.2d 1017; Hudson v. Hardy, 137 U.S.App. D.C. 366, 424 F.2d 854 (1970); Matthews v. Hardy, 137 U.S.App.D.C. 39, 420 F.2d 607 (1969).

recur and which may be impossible to reach while the confinement continues.[11]

In this posture, we are reluctant to agree that fresh challenges to Jackson's confinement in maximum security should be brought directly to this court and we therefore deny the petition for stay.

## ON APPELLANT'S MOTION TO WITHDRAW APPEAL

On March 20, 1973, the date of issue of this opinion, it was brought to the attention of this court for the first time that Jackson had submitted a motion to withdraw this appeal on February 14, 1973. Upon a petition of St. Elizabeths Hospital in a new proceeding, on February 8 the District Court approved the Hospital's request for Jackson's conditional release. In these circumstances, this court sees no reason to deny appellant his choice not to pursue this appeal, and his motion to withdraw it is granted.

---

11. Jemison v. Robinson (Civ. No. 927–70, D.D.C. three-judge court, Oct. 19, 1970); cf. Alton & Southern R. Co. v. International Association of Machinists, 150 U.S.App.D.C. 36, 463 F.2d 872 (1972).

Consideration of Jackson's appeal on these grounds would afford relief only to him. A more exhaustive investigation into existing Hospital procedures and their effects on patients' rights, and into the problem of mooting out complaints, could be obtained only through a class action.