## TAYLOR *v.* McELROY ET AL.

No. 504. Argued March 31–April 1, 1959.—Decided June 29, 1959.

*Joseph L. Rauh, Jr.* argued the cause for petitioner. With him on the brief were *John Silard, Eugene Gressman, Harold A. Cranefield, Daniel H. Pollitt* and *Richard Lipsitz.*

*Solicitor General Rankin* argued the cause for respondents. With him on the brief were *Assistant Attorney General Doub, Samuel D. Slade* and *Bernard Cedarbaum.*

*J. Albert Woll, Robert C. Mayer, Theodore J. St. Antoine* and *Thomas E. Harris* filed a brief for the American Federation of Labor and Congress of Industrial Organizations, as *amicus curiae,* urging reversal.

PER CURIAM.

This is a companion case to *Greene* v. *McElroy, ante,* p. 474, decided today, and concerns an industrial worker who was denied clearance to classified defense information

and consequently discharged from his employment as a lathe operator and tool and die maker at a plant which manufactured aircraft for the Government.

Prior to 1956, petitioner had a Confidential clearance. In that year, he was denied Secret clearance and his Confidential clearance was suspended. He demanded and was accorded a hearing similar to the one afforded petitioner in *Greene* v. *McElroy, supra.* The Hearing Board concluded that petitioner's access to classified defense information was "not clearly consistent with the interests of national security." Later, he was afforded another hearing with similar results. Petitioner then filed an action asking for a declaration that he was entitled to a hearing at which he could confront the informants whose statements were used against him, a declaration that the denial of clearance violated his rights under the Fifth Amendment, and an injunction restraining respondents from enforcing the decision denying clearance. Respondents prevailed on a motion for summary judgment and, on December 15, 1958, we granted certiorari to the Court of Appeals before argument was had in that court because of the pendency here of *Greene* v. *McElroy, supra.* 358 U. S. 918.

On December 31, 1958, the Department of Defense notified all interested parties, including petitioner, his counsel, and his ex-employer, that the Secretary of Defense had determined "that the granting of clearance to Mr. Charles Allen Taylor for access to Secret defense information is in the national interest." On January 9, 1959, respondents filed a suggestion of mootness. We postponed consideration of that question to the hearing of the case on the merits. 359 U. S. 901.

At the oral argument in this case, the Solicitor General made the following representations:

1. The Secretary of Defense in determining that petitioner was eligible for clearance to obtain access to

information classified "Secret" did not intend by his reference to "the national interest" to differentiate between petitioner's status and that of other employees whose eligibility for clearance has been found to be "clearly consistent with the interests of national security."*

2. The findings of the various Hearing Boards which passed on petitioner's fitness for clearance have been expunged from all records and no longer have any vitality or effect.

3. Petitioner was afforded clearance on December 31, 1958, after having been denied clearance for over two years, because of a change in applicable Department of Defense regulations.

4. Pursuant to existing Department of Defense procedures, the evidence in petitioner's file will not be used again as a basis for revoking petitioner's clearance.

5. Petitioner is eligible under applicable regulations for compensation for wages lost during the time he was unemployed due to the clearance revocation and denial.

In view of the fact that petitioner has received clearance, the ultimate relief which he demanded, and in view of the representations of the Solicitor General to the effect that petitioner stands in precisely the same position as all others who have been granted clearance, that the evidence in petitioner's file will not be used against him in the future, and that the findings against petitioner have been expunged, this case is moot.

The judgment of the District Court is vacated and the case is remanded to that court with instructions to dismiss the complaint as moot.

*It is so ordered.*

---

*The respondents have filed a letter in this Court from the General Counsel of the Department of Defense which makes an identical representation.