305 F.2d 51
 Douglas E. HENRIQUES, Individually and as Manager of the
United States Land Office, Santa Fe, New Mexico, Bureau of
Land Management, Department of the Interior; Chesley P.
Seely, Individually and as State Director for the State of
New Mexico, Bureau of Land Management, Department of the
Interior, Appellants,
v.
GULF OIL CORPORATION, a corporation, and Carl T. Smith, Jr.,
Appellees.
 No. 6945.
 United States Court of Appeals Tenth Circuit.
 June 29, 1962.
 
 A. Donald Mileur, Atty., Dept. of Justice (Ramsey Clark, Asst. Atty. Gen., John Quinn, U.S. Atty., J. Eugene Gallegos, legos, Asst. U.S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, on the brief), for appellants.
 Howard C. Bratton, Roswell, N.M. (George H. Hunker, Jr., William V. Kastler, Roswell, N.M., David W. Stephens, Midland, Tex., and Hervey, Dow & Hinkle, Roswell, N.M., on the brief), for appellees.
 Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 The judgment of the trial court enjoined the administrative cancellation of a United States oil and gas lease. The defendant officials have appealed and now assert that the case is moot.
 
 
 2
 Pursuant to the applicable provisions of the Mineral Leasing Act of 1920 as amended,[1] appellee Smith, in October, 1958, made an offer for an oil and gas lease on three separate parcels of the public domain in New Mexico. Later, one Conley made a similar offer covering some of the same land. The Smith offer was approved and a lease issued effective August 1, 1960. Gulf has an interest in the Smith lease under conditional, mesne conveyances. The Conley offer was rejected because of the conflict with the Smith offer. On an appeal by Conley the Appeals Officer held, on February 21, 1961, that the Smith offer violated a pertinent regulation and that Conley was entitled to his lease. Pursuant to this decision appellant Henriques, the manager of the United States Land Office at Santa Fe, New Mexico, on April 21, 1961, cancelled the Smith lease, the cancellation to be effective 30 days thereafter unless an appeal was perfected. Within that period Smith and Gulf brought this action.[2]
 
 
 3
 During the pendency of this appeal, the Secretary of the Interior, in another case, construed the applicable regulation so as to sustain the validity of the Smith offer. The Acting Chief of the Division of Appeals, on May 15, 1962, vacated the February 21, 1961, decision and rejected the Conley offer. This action leaves the Smith lease in effect and no administrative proceedings for its cancellation are now either pending or threatened. The objections of Smith and Gulf to the claim of the appellant officials that the appeal is moot are grouned on the possibility of the resumption of administrative cancellation proceedings.
 
 
 4
 Representatives of the Interior Department continue to assert the right of administrative cancellation of oil and gas leases issued under the Mineral Leasing Act of 1920 and decline to accept the decision in Pan American Petroleum Corporation v. Pierson, 10 Cir., 284 F.2d 649, certiorari denied 366 U.S. 936, 81 S.Ct. 1661, 6 L.Ed.2d 848, where we denied that right in a case of attempted administrative cancellation because of fraud in prourement. The existence of this general policy does not defeat the claim of mootness. The courts will not interfere with executive actions which have not proceeded so far as to affect individual interests adversely.[3] The rule is that a private person may not invoke the judicial power to determine the validity of executive action unless he has sustained, or is immediately in danger of sustaining, a direct injury as a result of that action.[4] In the present posture of this case Smith and Gulf stand in the same position as all holders of United States oil and gas leases.[5]
 
 
 5
 The possibility of an appeal to the Secretary from the decision rejecting the Conley offer does not change the situation. This is not the case of a private person seeking to defeat injunctive relief by protestations of repentance and reform[6] or of 'short term orders, capable of repetition, yet evading review.'[7] As the record stands there is nothing before us to show that the appellant officials threaten to cancel the lease in question. Indeed, their counsel disclaim any such intent and we assume the good faith of all concerned. Accordingly, the case is moot.
 
 
 6
 When a civil case from a court in the federal system becomes moot pending appeal, the approved practice is to vacate the judgment below and remand with direction to dismiss.[8] Such action in the case at bar must not be taken as any determination of the substantive issues raised on this appeal. If the Interior Department hereafter seeks administrative cancellation of the lease, this decision does not bar Smith and Gulf from maintaining an action to restrain such cancellation. Further, fairness to all in interest requires that neither the institution nor the dismissal of this action shall be deemed to deprive Smith and Gulf of any rights to contest the Conley offer in administrative proceedings.
 
 
 7
 Reversed with directions to vacate the judgment and dismiss the action.
 
 
 
 [1]
 30 U.S.C.A. 181 et seq
 
 
 [2]
 Pursuant to an order for a temporary injunction the manager of the Santa Fe Land Office vacated the order of cancellation. This removed any handicap which might have arisen because of the failure of Smith and Gulf to take an administrative appeal from the order of cancellation
 
 
 [3]
 Communist Party of the United States v. Subversive Activities Control Board, 367 U.S. 1, 72, 81 S.Ct. 1357, 6 L.Ed.2d 625
 
 
 [4]
 Ex parte Levitt, 302 U.S. 633, 634, 58 S.Ct. 1, 82 L.Ed. 493
 
 
 [5]
 Cf. Taylor v. McElroy, 360 U.S. 709, 711, 79 S.Ct. 1428, 3 L.Ed.2d 1528
 
 
 [6]
 See United States v. Oregon State Medical Society, 343 U.S. 236, 333, 72 S.Ct. 690, 96 L.Ed. 978
 
 
 [7]
 Southern Pacific Terminal Company v. Interstate Commerce Commission and Young, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310
 
 
 [8]
 United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36