Chester L. OUGHTON, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7757.

United States Court of Appeals
Tenth Circuit.

Jan. 19, 1967.

Thomas G. Brown, Denver, Colo., for appellant.

Newell A. George, U. S. Atty., and Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan., for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN, Circuit Judge.

PER CURIAM.

The appellee has filed a motion for an order dismissing the appeal taken by the appellant on May 5, 1964. The grounds relied on by the appellee in support of his motion are that appellant's inaction for such a long period of time is tantamount to an abandonment of his appeal and that since the appellant was, in May 1965, transferred from Leavenworth to the U. S. Penitentiary at McNeil Island, Washington, the action pending in this court is now moot.

Both grounds are without merit. On July 8, 1964, this court granted appellant's motion to stay proceedings until further order of court. Appellant has not been inactive since then, but has had hearings before the District and Supreme Courts of Alaska. On December 2, 1966, the Alaska Supreme Court affirmed the lower court's denial of Oughton's motion to vacate his sentence. Although in federal custody, Oughton is a state prisoner and during the past two years he has been merely exhausting his state remedies as required by 28 U.S.C. § 2254. There has been no abandonment of his appeal.

The prisoner was within the territorial jurisdiction of the United States District Court for the District of Kansas when the petition for a writ of habeas corpus was filed and when the appeal was docketed. "Jurisdiction in this matter, once acquired, is retained,"

United States ex rel. Circella v. Neelly, 115 F.Supp. 615 (N.D.Ill.1953), affirmed 216 F.2d 33, certiorari denied 348 U.S. 964, 75 S.Ct. 525, 99 L.Ed. 752, and "whatever may be the rights the petitioner has through his application for a writ of habeas corpus, they are not lost by whatever may have been done to him between his application and the decision of his case on appeal." Appeal of Catanzaro, 138 F.2d 100 (3rd Cir. 1943).

The motion to dismiss is denied.