**George Elmer BLACK, Appellant,**

v.

**WARDEN, UNITED STATES PENITENTIARY, et al., Appellees.**

No. 71–1284.

United States Court of Appeals, Tenth Circuit.

Sept. 21, 1972.

Robert DuVal Hicks, Englewood, Colo., for appellant.

Adrian M. Farrer, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty. for District of Kansas, and Richard L. Meyer, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellees.

Before LEWIS, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

PER CURIAM.

Appellant Black filed a "Motion For Declaratory Judgment and Mandatory Interlocutory Injunction" complaining of isolation unit confinement imposed on him by the penal authorities at Leavenworth. Essentially his claim was that the punishment had been administered without explanation of any reason therefor, without a hearing and without any violation of prison rules by him, and that Eighth Amendment and due process principles were violated, among other things. On examining the pleading the District Court stated that administrative remedies by complaint to the prison authorities had not been pursued and that no reviewable issues and no constitutional deprivations were involved. The action was therefore dismissed and this appeal followed.

First we must consider a motion to dismiss the appeal as moot. The Government's motion represents to us that in July, 1971, Black was transferred to the custody of the California State penal authorities for concurrent service of Federal and California sentences. The argument is that since Black has been released from the isolation unit custody complained of, there is no remaining controversy and the case is moot.

We cannot agree. While the transfer of custody and termination of the particular confinement complained of are not disputed by Black's response to the motion to dismiss, there are possible continuing effects of the punishment during service of Black's 30-year sentence which cannot be dismissed. The computation of good time allowance is affected by being subjected to punishment. 18 U.S.C.A. § 4161. Moreover there may be a continuing effect in the penal institutions from the use of records maintained concerning this punishment. See Hudson v. Hardy, 137 U.S.App.D.C. 366, 424 F.2d 854, 856. Unless such disciplinary records are expunged and not to be used against Black, e. g. Taylor v. McElroy, 360 U.S. 709, 711, 79 S.Ct. 1428, 3 L.Ed.2d 1528, we may not dismiss the matter as moot on the showing made to us, despite the transfer of custody. See Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; Oughton v. Taylor, 381 F.2d 23 (10th Cir.).[1]

■ In turning to the merits, we are reminded that prison officials must be accorded latitude in the administration of prison affairs and that prisoners are necessarily subject to appropriate rules and regulations. See Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L. Ed.2d 263. We also recognize that the basic responsibility for control and management of penal institutions, including the discipline, treatment and care of those confined, lies with the Attorney General and is not subject to judicial review unless exercised in such a manner as to constitute clear arbitrariness or caprice on the part of prison officials. Graham v. Willingham, 384 F.2d 367 (10th Cir.). Moreover, segregation as

such is not cruel or unusual punishment. Id. at 368. However, where there are substantial allegations of violation of constitutional rights in the treatment of prisoners, the complaint must be considered on its merits by a proper hearing. Cruz v. Beto, supra; Hoggro v. Pontesso, 456 F.2d 917 (10th Cir.), and cases there cited.

■ In conformity with the general rule, the prisoner's complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that he can prove no set of facts in support of his claim which would entitle him to relief. Cruz v. Beto, supra at 322, 92 S. Ct. 1079. Black's *pro se* complaint alleged that he was subject to a 30-year sentence imposed in August, 1970; that he was confined in the isolation unit at Leavenworth and deprived of normal privileges granted prisoners; that such confinement commenced February 4, 1971, on his return from court, and was continuing when his complaint was filed April 9, 1971.[2] He further alleges that he was never advised of the nature of charges or the reason for such confinement and that he has broken no institutional rules.

Without reaching the merits of any of appellant's claims we feel that the complaint should not have been dismissed. We cannot say that it appears beyond doubt that appellant could prove no set of facts that would entitle him to relief. Instead we conclude that the case should be remanded for a hearing to develop the facts in order to decide the merits of appellant's claims. Accordingly the motion to dismiss the appeal is denied; the judgment is vacated; and the cause is remanded for further proceedings consistent herewith.

---

1. Appellant argues that there was a violation of Rule 23, F.R.A.P., by the transfer of custody while the case was pending. We need not reach the question of whether the Rule applies in a case with allegations and the type of pleading involved here, since the case should not be dismissed as moot for the reasons stated.

2. We are not informed how long the confinement continued. As stated previously we are only advised that in July, 1971, before argument or briefing of this appeal, appellant was turned over to the California authorities.