NATIONAL CONGRESS OF HISPANIC
AMERICAN CITIZENS (EL CONGRE-
SO) et al., Plaintiffs,

v.

John T. DUNLOP, Secretary of Labor,
et al., Defendants.

Civ. A. No. 2142–73.

United States District Court,
District of Columbia.

Oct. 7, 1975.

Miriam D. Guido, Migrant Legal Action
Program, Robert S. Catz, Washington, D.C.,
for plaintiffs.

Robert M. Werdig, Asst. U.S. Atty.,
Washington, D.C., for defendants.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This matter came before the Court on Cross-motions for Summary Judgment. In question is defendants', John T. Dunlop, Secretary of Labor, et al., compliance with provisions of the Occupational Safety and Health Act of 1970 (hereinafter the Act), 29 U.S.C. § 651 et seq. and the Administrative Procedure Act, 5 U.S.C. § 706 et seq.

Plaintiffs filed this action on December 5, 1973, as RASSA, the Raza Association of Spanish Surnamed Americans, incorporated in the District of Columbia, to seek review of defendants' failure to act on permanent agricultural Occupational Safety and Health Standards: namely, field sanitation, personal protective equipment, rollover protection, machinery guarding, nuisance dust and noise (standards). On February 6, 1974, defendants filed a motion to dismiss in part and for partial summary judgment. Defendants' motion was denied.

The plaintiff organization (RASSA) changed its name effective January 1975, to National Congress of Hispanic American Citizens (El Congreso). Plaintiffs, on March 13, 1975, filed a motion for summary judgment. They sought an order compelling defendants to issue proposed field sanitation and personal protective equipment standards immediately; to issue final farm safety equipment and rollover protection standards immediately; to proceed to con-

sider dust and noise standards expeditiously; and to comply with the time deadlines set out in the Act in future proceedings. On April 30, 1975, defendants filed a cross-motion for summary judgment.

The Occupational Safety and Health Act is intended "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C. § 651(b). This is particularly important because the life expectancy of migrant farm workers is the lowest of any line of endeavor. The Act authorizes the Secretary of Labor to set mandatory occupational safety and health standards applicable to businesses affecting interstate commerce. 29 U.S.C. § 651(b)(3). The Act directs the Secretary to promulgate standards which will serve the objectives of the Act. 29 U.S.C. § 655(b)(1). Standards under the Act are typically promulgated through an administrative procedure, which may be commenced by a petition for promulgation of a standard from any interested person to the Secretary. 29 U.S.C. § 655(b)(1). Whenever the Secretary determines that a rule should be promulgated on the basis of a petition or other information, he may either request the recommendation of an advisory committee or publish the proposed rule for comment in the Federal Register. 29 U.S.C. § 655(b)(1)(2).

When the Secretary requests the recommendations of an advisory committee, the committee is required to submit its recommendations to the Secretary within ninety days from the date of its appointment or within such longer or shorter period as may be prescribed by the Secretary, but in no event for a period longer than two hundred and seventy days. 29 U.S.C. § 655(b)(1). When an advisory committee has been appointed and the Secretary determines that a rule should be issued, the Secretary must publish the proposed rule in the Federal Register within sixty days after the submission of the advisory committee's recommendations or the expiration of the period prescribed by the Secretary for such submission. 29 U.S.C. § 655(b)(2).

Following publication in the Federal Register, the Act requires that interested persons be given thirty days to submit written data or comments. 29 U.S.C. § 655(b)(2). During the same thirty-day period, any interested person may file written objections and request a public hearing thereon. 29 U.S.C. § 655(b)(3). Within thirty days after the last day for filing such objections, the Secretary is required to publish in the Federal Register a notice specifying the standard to which objections have been filed and a hearing requested, and specifying a time and place for such hearing. 29 U.S.C. § 655(b)(3). Within sixty days after the period for filing comments or, if objection and request for hearing have been timely filed, within sixty days after the the hearing, the Secretary must take action on the standard. 29 U.S.C. § 655(b)(4). Any standard accompanied by a statement of the reasons for it, must be published in the Federal Register. 29 U.S.C. § 655(e).

Plaintiffs, in their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, contend that defendants have violated the time periods specified in 29 U.S.C. § 655(b)(1–4); have unlawfully withheld and unreasonably delayed agency action, in violation of 5 U.S.C. § 706(1), the Administrative Procedure Act (hereinafter APA); have abused their discretion in violation of 5 U.S.C. § 706; and have failed to assure safe and healthful working conditions, in violation of 29 U.S.C. § 655(b)(1).

■ With regard to plaintiffs' request for an order compelling immediate development and issuance of rollover protective structures (hereinafter ROPS) for agriculture tractors, such request is denied for lack of Article III jurisdiction. A final ROPS standard was published on April 25, 1975 in the Federal Register. 40 Fed.Reg. 18254 (1975). Since the relief sought by plaintiffs has already been obtained, no allegedly unlawful withholding of agency action by the Secretary exists and this request is moot. *Taylor v. McElroy*, 360 U.S. 709, 79 S.Ct. 1428, 3 L.Ed.2d 1528 (1959); *Gray v. Trustees*, 342 U.S. 517, 72 S.Ct. 432, 96 L.Ed. 540

(1952); *Coach Employees v. Wisconsin Employment Relations Board*, 340 U.S. 416, 71 S.Ct. 373, 95 L.Ed. 389 (1951). Where plaintiffs request a result which has already been granted by defendants, their request must be denied.

■ Defendants correctly recognize that the time limits specified in Section 655(b) are not merely horatory, since they evince a Congressional expectation that permanent OSHA rulemaking will be expeditiously completed. Nevertheless, defendants contend that they have the discretion to violate the time frame set out in the Occupational Safety and Health Act and the directives of the APA. They argue that their delay in promulgation of agricultural standards is authorized by Section 655(g).[1] Finally, defendants contend that resource allocation problems excuse compliance with mandatory provisions of the law. None of the defendants' arguments are persuasive in view of clear violations of the Occupational Safety and Health Act and the APA.

The Secretary is required to comply with the mandatory procedures established by the Occupational Safety and Health Act for the promulgation of standards. The mandatory nature of the timetable set out in the Act is clear, both from the language and the intent of the Act. The Act provides that the Secretary "shall" take the specified steps within the time frame set out in the Act. Such language is clearly intended by Congress to be mandatory and not merely directory. See, *Escoe v. Zerbst*, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). The specific time frame was placed in the Act to assure that procedures for developing criteria and promulgating regulations would proceed as swiftly as possible. The Secretary is not imbued with discretion to proceed as he deems fit, but rather must adhere to the timetable spelled out in the Act.

Defendants' contention that their delay in promulgation of standards is authorized by Section 655(g) also lacks persuasiveness. Sections 655(b)(1–4) clearly inform the Secretary of the procedures he must follow.

Likewise, defendants claim that resource allocation problems excuse compliance with the mandatory provisions of the Act. Defendants argue that their practical resource allocation problems have made it impossible to comply with the timetable set out in the statute for promulgation of standards. Assertion of these difficulties does not justify violation of the Act. The proper forum for defendants' complaints is the Congress. It is within the prerogative of the Congress to increase the resources of the Secretary or to alter the requirements of the law.

Defendants have acted in violation of the Occupational Safety and Health Act by failing to act in timely fashion to promulgate a farm machinery guarding standard. By allowing Advisory Committee consideration of the standard for eleven months, the Occupational Safety and Health Administration violated the time provisions of the Act which allow Advisory Committee consideration up to two hundred and seventy days but recommends a three month period for consideration. 29 U.S.C. § 655(b)(1). By failing to propose the standards for comment in the Federal Register until five months after receipt of the recommended standard from the Agricultural Advisory Committee, the defendants violated the Occupational Safety and Health Act which requires action upon Advisory Committee recommendations within two months. 29 U.S.C. § 655(b)(2). By failing to promulgate a final farm machinery guarding standard, the Occupational Safety and Health Administration has violated the provisions of the Act requiring promulgation of the standard within two months of the completion of hearings on the standard. 29 U.S.C. § 655(b)(4). To date, no farm machinery

---

1. Section 655(g) provides as follows:

In determining the priority for establishing standards under this section, the Secretary shall give due regard to the urgency of the need for mandatory safety and health standards for particular industries, trades, crafts, occupa- tions, businesses, workplaces or work environ- ments. The Secretary shall also give due re- gard to the recommendations of the Secretary of Health, Education and Welfare regarding the need for mandatory standards in determining the priority for establishing such standards.

guarding standard has been promulgated by the Occupational Safety and Health Administration.

Defendants likewise have violated the time limits of the Act by failing to publish for comment in the Federal Register a proposed personal protective equipment standard within the two month period following the receipt of recommendations from the Advisory Committee. 29 U.S.C. § 655(b)(2). To date, no personal protective equipment standard has been proposed for comment in the Federal Register even though the time limits for action required by the Act have long passed.

With regard to the promulgation of a field sanitation standard, the Occupational Safety and Health Administration received the recommendation from the Agricultural Advisory Committee on December 5, 1974. The Secretary's failure to publish the proposed rule in the Federal Register within sixty days after the Advisory Committee's recommendations violates the mandatory time limits of the Occupational Safety and Health Act. 29 U.S.C. § 655(b)(2).

Thus, defendants should, without undue delay, publish its final farm machinery guarding standard; likewise, defendants should proceed within the Act's time limits toward publishing final personal protective equipment and field sanitation standards.

As to defendants' failure to give timely consideration to a noise standard for agriculture, defendants have indicated that the Standards Advisory Committee on Agriculture (SACA) is currently considering its recommendations. SACA should proceed without undue delay to formulate its recommendations and the Secretary, upon receipt of such recommendations, should proceed expeditiously within the time limits specified in the Occupational Safety and Health Act to promulgate an agricultural noise standard.

Finally, with regard to the nuisance dust standard, SACA has suspended meetings on nuisance dust pending the receipt of the necessary information from the National Institute of Occupational Safety and Health (NIOSH). NIOSH should expedite the sub-mission of this information to SACA. Following receipt of this information, SACA should proceed expeditiously within the time limits specified in the Occupational Safety and Health Act to consider its recommendations for a nuisance dust standard.

Defendants, by their delay in the promulgation of the abovementioned standards, have failed to carry out the objectives of the Act: to promulgate standards which are necessary and appropriate to provide safe and healthful employment. 29 U.S.C. § 655(b)(1). The Occupational Safety and Health Administration's failure to act in the area of agriculture is inconsistent with the clear Congressional intent to extend equal coverage to workers in all industries.

Therefore, summary judgment, in conformity with this memorandum opinion, is entered for the plaintiffs.