No. 48,074

DENNIS L. MORRIS, *Appellant*, v. ROBERT RAINES and ROBERT ATKINS,
*Appellees*.

(551 P. 2d 838)

Opinion filed June 12, 1976.

*E. Roger Horsky*, of Leavenworth, was on the brief for appellant.

*Curt T. Schneider*, attorney general, *Roger M. Theis*, assistant attorney general, and *Kenneth Doyle*, institution attorney, were on the brief for appellees.

*Per Curiam:* This is an appeal by Dennis L. Morris from an order of the district court entered February 4, 1975, following an evidentiary hearing on January 31, 1975, denying relief on his habeas corpus petition filed pursuant to K. S. A. 60-1501.

The appellant is an inmate of the Kansas State Penitentiary. Following alleged coercive participation in certain sexual acts the prison administration granted his request to be placed in the Adjustment and Treatment Building under protective custody. This building houses prisoners who are disciplinary problems as well as those, like the appellant, who are there for their own protection.

The appellant contends the conditions to which he is subjected in protective custody constitute a denial of equal protection of the laws. He asserts that under the rules applicable to the A and T building he is denied the use of television and radio, is prevented from borrowing a typewriter, is required to wear distinctive clothing, has decreased canteen privileges, is limited to two showers a week, and is subjected to a continuously lighted building. He also complains his food is served cold, but concedes that this may be due to carelessness of inmates employed in the kitchen in not serving it promptly. The appellant further contends the denial to him (and all those individuals in the A and T building) of those privileges afforded the general inmate population, from which he was removed at his own request, amounts to illegal discrimination and a denial of equal protection.

Without analyzing the evidence presented in the district court, we find it only necessary to state that on the record the appellant's complaints do not amount to a denial of his constitutional rights.

The record indicates no abuse of administrative discretion or arbitrary action by prison officials. There is no showing that any of the so-called discriminations are based on unreasonable or prohibited class distinctions or that they are other than reasonably necessary distinctions for the orderly administration of the prison and the welfare of the prisoners. In fact, it affirmatively appears that traditional shower baths are available to the appellant in the laundry where he works, and that the requirement of the distinctive uniform is to provide identification of those for whom protective custody is necessary. It may be assumed that the other restrictions are reasonably necessary to prison discipline. They simply do not rise to the level of unconstitutional discrimination.

The appellant made a voluntary choice between continuing to reside with the general prison population where he was subject to abuse, and taking up a new residence in a prison environment where he is protected from such abuses but has some incidental restrictions.

Helpful precedents are found in *U. S. Dept. of Agriculture v. Moreno,* 413 U. S. 528, 37 L. Ed. 2d 782, 93 S. Ct. 2821; *Norvell v. Illinois,* 373 U. S. 420, 10 L. Ed. 2d 456, 83 S. Ct. 1366; *Tigner v. Texas,* 310 U. S. 141, 147, 84 L. Ed. 1124, 60 S. Ct. 879, 882; *Black v. Warden, U. S. Penitentiary,* 467 F. 2d 202 (10th Cir. 1972); *Bethea v. Crouse,* 417 F. 2d 504, 505, 506 (10th Cir. 1969); *Knuckles v. Prasse,* 302 F. Supp. 1036, 1060, aff'd 435 F. 2d 1255 (3rd Cir. 1970); *Levier v. State,* 209 Kan. 442, 497 P. 2d 265; *Rook v. Cupp,* 521 P. 2d 10 (Ore. App. 1974).

The judgment of the district court is affirmed.