Bernard KUAHULU, for himself and for all others similarly situated, Plaintiffs-Appellants.

v.

EMPLOYERS INSURANCE OF WAU-SAU, John Mullen & Co., Inc., Joshua Agsalud, in his capacity as Director of the State of Hawaii, Department of Labor and Industrial Relations, Disability Compensation Division, State of Hawaii, Defendants-Appellees.

No. 75–3631.

United States Court of Appeals, Ninth Circuit.

July 21, 1977.

Benjamin L. Carroll, III, Gould & McKenzie, Honolulu, Hawaii, argued for plaintiffs-appellants.

Howard F. McPheeters, Conroy, Hamilton, Gibson, Nickelsen & Rush, Honolulu, Hawaii, argued; Leroy T. Kuwasaki, Jr., Deputy Atty. Gen., Honolulu, Hawaii, for defendants-appellees.

Before ELY, HUFSTEDLER and WRIGHT, Circuit Judges.

HUFSTEDLER, Circuit Judge:

The present appeal raises complex questions with respect to the application of the now defunct Three-Judge Court Act, 28 U.S.C. § 2281 (1965) (repealed 1976) and the abstention doctrine. (*See Railroad Commission of Texas v. Pullman Co.* (1941) 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971.)

Appellant Kuahulu became disabled in December 1973, after sustaining a work-related injury. As a result of this injury, appellees, John Mullen & Co. and Employers Insurance of Wausau ("the Insurers"), as insurance carriers for Kuahulu's employer, paid appellant temporary disability ben-

efits under Hawaii's Workmen's Compensation scheme, Haw.Rev.Stat. § 386–1 et seq. (Supp.1975). In August 1975, the Insurers discontinued payment of these benefits. Shortly thereafter, appellant brought suit in the federal district court against the Insurers, and against appellees, the State of Hawaii and the Director of Hawaii's Department of Labor and Industrial Relations ("the State"), claiming that Hawaii's Workmen's Compensation scheme violates the Due Process Clause in not providing for a pretermination hearing before a Workmen's Compensation hearing officer. (*See* 42 U.S.C. § 1983 (1974).) Appellant also applied for the convening of a three-judge court pursuant to 28 U.S.C. § 2281.

On September 19, 1975, the district court held a hearing to consider appellant's motion to amend his complaint to state a class action as well as his applications for a preliminary injunction and for the convening of a three-judge court. The district court granted appellant's motion to amend his complaint to allege a class consisting of "all persons whose Worker's Compensation benefits . . . were reduced, discontinued, or terminated without the benefit of a prior hearing" but denied the application for a three-judge court. Because Hawaii's Workmen's Compensation statute, Haw.Rev.Stat. §§ 386–31(b), 386–89(c), was susceptible to a reading "not necessarily unconstitutional," the district court concluded that appellant did not present a "substantial federal question" for purposes of convening a three-judge court. The district court, in granting the State's motion to dismiss, also abstained from reaching the merits of appellant's suit because it was of the opinion that Hawaii's courts could better interpret the statutory requirements of Hawaii's Workmen's Compensation law.[1] Because the district court disposed of the suit on these threshold jurisdictional grounds, it never certified the class.

At the September 19th hearing, the district court was informed that proceedings

---

1. In its brief, the State notes that appellant's counsel filed an action in Hawaii's First Circuit Court on September 24, 1975 (*see Luminelli v.*

*The Hawaiian Insurance & Guaranty Co., Ltd.,* Civ.No.46282) which action raises the identical constitutional issue presented in Kuahulu.

before the Disability Compensation Division of Hawaii's Department of Labor and Industrial Relations were pending to determine Kuahulu's entitlement to temporary disability benefits. In response, the district court persuaded the parties to stipulate to continuing disability payments under a temporary restraining order that had ordered the reinstatement of appellant's temporary disability benefits until the district court's consideration of appellant's motion for a preliminary injunction. The parties agreed to continue payment until the Disability Division disposed of appellant's case. On October 1, 1975, the Disability Division decided that the Insurers had improperly terminated appellant's benefits and ordered the Insurers to pay appellant temporary disability benefits from the date of his injury until such time as the Director determined that appellant's temporary disability had ended.

Appellant argues, *inter alia*, that the district court erred in denying his motion for a three-judge court because the lower court applied an improper standard in judging the substantiality of the constitutional question. He further argues that a single district judge cannot decide to abstain where a three-judge court is otherwise required, and that abstention was improper in the present case. Because superseding events have mooted this appeal, any resolution of these issues must await another day.

■ Appellant has already received all the relief that he could have received if he had won on the merits. By virtue of the intervening decision of the Disability Division, appellant's temporary disability benefits cannot be terminated unless the Director of the Disability Division determines that appellant is no longer temporarily disabled. Appellant has not alleged any future termination of his benefits by the Director without a prior hearing. And since the Disability Division reinstated appellant's benefits from the date of his injury, there is no gap in payment for which appellant may now seek recovery. In short, appellant's individual claim is moot. (*See*

*Taylor v. McElroy* (1959) 360 U.S. 709, 79 S.Ct. 1428, 3 L.Ed.2d 1528; *In the Matter of Combined Metals Reduction Co.* (9th Cir. 1977) 557 F.2d 179, 187 )June 6, 1977)]; Note, Mootness on Appeal in the Supreme Court (1970) 83 Harv.L.R. 1672, 1674 ("Historically, the objection to deciding moot cases was that the judgment of the court could not be carried into effect, or that relief was impossible to grant . . . .").)

■ Nor can appellant preserve his continued participation in this suit as a representative of the class. It is true that one may still represent a class if one's individual claim is moot, provided that one's representation would be adequate. (*See Sosna v. Iowa* (1975) 419 U.S. 393, 399, 95 S.Ct. 553, 42 L.Ed.2d 532; *Franks v. Bowman Transportation Co.* (1976) 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444.) But in order to do so, one must have been a member of the class at the time the class was certified. (*See Sosna v. Iowa, supra,* at p. 403, 95 S.Ct. at p. 559 (". . . A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court."); *Hall v. Beals* (1969) 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214.) Since the district court never certified the class, appellant cannot remain in the suit in either his individual or representative capacity.

■ It is also true that a class action is not automatically moot because the named representative's claim is moot. (*See Franks v. Bowman Transportation Co., supra,* at p. 754, n. 7, 96 S.Ct. 1251; *Sosna v. Iowa, supra,* at p. 399, 95 S.Ct. at p. 557 (". . . When the District Court certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by appellant." (footnote omitted)).) If the district court had certified appellant's class prior to appellant's own claim's becoming moot, we would not dismiss this appeal for mootness. In such a case, remand to the district court would be appropriate in order to determine whether

a substitute representative would be available. (*See Dillard v. Industrial Commission of Virginia* (1972) 409 U.S. 238, 93 S.Ct. 566, 34 L.Ed.2d 444; *Baxter v. Palmigiano* (1976) 425 U.S. 308, 310–11, n. 1, 96 S.Ct. 1551, 47 L.Ed.2d 810.) But where the class was not certified before appellant's claim became moot, *Board of School Commissioners of the City of Indianapolis v. Jacobs* (1975) 420 U.S. 128, 129, 95 S.Ct. 848, 850, 43 L.Ed.2d 74, requires us to dismiss the entire appeal as moot. ("[I]t seems clear that a case or controversy no longer exists between the named plaintiffs and the petitioners with respect to the validity of the rules at issue. The case is therefore moot unless it was duly certified as a class action pursuant to Fed.Rule Civ.Proc. 23 . . .") *See also Franks v. Bowman Transportation Co., supra,* at p. 754, n. 6, 96 S.Ct. at p. 1259 ("In . . . *Jacobs,* the named plaintiffs no longer possessed a personal stake in the outcome at the time the case reached this Court for review. As the action had not been properly certified as a class action by the District Court, we held it moot."); *Baxter v. Palmigiano, supra,* at pp. 310–11, n. 1, 96 S.Ct. 1551.)

Our holding is very narrow. The Supreme Court has emphasized that the application of the mootness doctrine, to a large extent, depends on the idiosyncrasies of each case in which it is applied. (*See Franks v. Bowman Transportation Co., supra,* at p. 755, 96 S.Ct. at p. 1260 (". . . *Sosna* contemplates that mootness turns on whether, in the specific circumstances of the given case at the time it is before this Court, an adversary relationship . . . exists." (footnote omitted)).) Thus, our decision does not require an automatic dismissal in every case where the district court has failed to certify the class before the representative's claim has become moot. For example, *Kuahulu* gives us no occasion to decide whether *Jacobs* would mandate

dismissal in a case where counsel's efforts to certify a class were thwarted by the district court's disposition of the suit on preliminary jurisdictional grounds.[2]

Important to the holding in *Jacobs* was the fact that the possibility of mootness prior to the completion of appellate review was evident to all the parties at the time of the lower court proceedings. (". . . The need for definition of the class purported to be represented by the named plaintiffs is especially important in cases like this one where the litigation is likely to become moot as to the initially named plaintiffs prior to the exhaustion of appellate review." 420 U.S. at p. 130, 95 S.Ct. at p. 850.) Similarly, in the present case both counsel and the district court were aware, as evidenced by counsel's stipulation to continue benefit payments until the resolution of the administrative hearings, that the Disability Division proceedings might moot Kuahulu's suit. Whether *Jacobs* would apply with equal force to a case where the mooting of the class representative's claim prior to appellate disposition was unpredictable is a question we do not have to decide today.[3]

■ Nothing in our decision expresses any opinion as to either the merits of appellant's constitutional challenge or the questions appellant raises as to the application of the Three-Judge Court Act and the doctrine of abstention. Indeed, we vacate the orders of the district court in order to erase any precedential or preclusionary effect of those orders. (*See United States v. Munsingwear, Inc.* (1950) 340 U.S. 36, 40, 71 S.Ct. 104, 107, 95 L.Ed. 36 (". . . That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.").) Furthermore, the Due Process claims raised by appellant will not escape appellate review

2. At the September 19th hearing, appellant's counsel expressly refused to request certification of the class at that time (*see* Reporter's Transcript, at p. 4).

3. Nor does *Kuahulu* fall within the category of cases where "the constant existence of a class of persons suffering the deprivation is certain." (*Gerstein v. Pugh* (1975) 420 U.S. 103, 111, n. 11, 95 S.Ct. 854, 861, 43 L.Ed.2d 54.)

because this appeal is moot. Our holding does not allow important constitutional questions to go unreviewed merely because the district court disposed of them on threshold jurisdictional grounds prior to certification and before the class representative's claim became moot. Any member of the class may still commence a suit in state or federal district court and raise the exact constitutional question posed by appellant in the present suit. In other words, the slate is clean for a constitutional onslaught on Hawaii's Workmen's Compensation scheme if any class member chooses to bear the standard.[4] (*See DeFunis v. Odegaard* (1974) 416 U.S. 312, 319; *United States v. Munsingwear, Inc., supra,* 340 U.S., at pp. 39–40, 71 S.Ct. 104.)

 Although the doctrine of mootness has firm roots in Article III, it also finds justification as a means by which we avoid the premature decision of a constitutional question. (*See Franks v. Bowman Transportation Co.,* 424 U.S. at 756, n. 8, 96 S.Ct. at 1260 ("[M]ootness [is] . . . one of the policy rules often invoked by the Court 'to avoid passing prematurely on constitutional questions. Because [such] rules operate in "cases confessedly within [the Court's] jurisdiction" . . . they find their source in policy, rather than purely constitutional, considerations.' ").) Appellant raises a complex Due Process claim which claim is inexorably intertwined with his contentions as to the applicability of the Three-Judge Court Act and the abstention doctrine. Given the moot posture of this appeal, we need not hasten to address this matrix of issues.[5]

4. On the other hand, the cause of action is foreclosed as to the Insurers because they only participated in this suit as insurers of Kuahulu's employer. But should the insurers also insure the employer of a class representative in a subsequent constitutional challenge to Hawaii's Workmen's Compensation scheme, nothing in our opinion prevents such a representative from joining the Insurers and litigating the Due Process claim against them.

5. Furthermore, should another class member raise the same Due Process claim posed by appellant in a later suit, we would, upon review

Accordingly, we dismiss the appeal as moot and remand to the district court with instructions to vacate its orders and to dismiss the complaint.

APPEAL DISMISSED.

thereof, be unhampered by the trappings of the now demised Three-Judge Court Act. *Franks v. Bowman Transportation Co., supra,* indicates that these considerations of judicial economy are relevant in applying the mootness doctrine. (*See* 424 U.S. at p. 757, n. 9, 96 S.Ct. at p. 1260) ("Nor are there present in the instant case nonconstitutional policy considerations . . . mitigating against review by this Court at the present time. Indeed, to 'split up' the . . . case . . . would be destructive of the ends of judicial economy . . ..")