38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Steven BINSZ, Plaintiff-Appellant,
v.
R. Michael CODY, Defendant-Appellee.
 No. 94-6139.
 United States Court of Appeals, Tenth Circuit.
 Oct. 17, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Plaintiff Steven Binsz, appearing pro se, appeals the district court's dismissal of his 42 U.S.C.1983 action as moot. We have jurisdiction under 28 U.S.C. 1291.
 
 
 2
 Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections ("the Department"). On January 14, 1992, the Department established the Inmate Grooming Code which continued the Department's past policy of prohibiting long hair and facial hair on male inmates, but allowed an inmate to apply for a religious exemption to the policy. Plaintiff, asserting he is a Messianic Jew, applied for and received a religious exemption allowing him to grow a beard. However, the Department denied Plaintiff's application for an exemption to the Grooming Code's hair length restrictions. Despite the denial, Plaintiff refused to cut his hair. As a result, on April 6, 1993, the Department issued Plaintiff an offense report for disobedience to orders. On April 14, 1993, Plaintiff was found guilty of the charge at a disciplinary hearing.
 
 
 3
 The following is a summary of the history in this litigation. On April 29, 1993, Plaintiff filed this 1983 action against Defendant Warden R. Michael Cody seeking declaratory and injunctive relief, an expunging order, and monetary damages. In his suit, Plaintiff alleged the Grooming Code and Defendant's refusal to grant Plaintiff an exemption to the Code violated his First Amendment right to free exercise of religion. Plaintiff also filed a request for a preliminary injunction to prevent the Department from forcibly cutting his hair. The district court referred the matter to a magistrate. Thereafter, the court denied Plaintiff's request for a preliminary injunction on the grounds that it was not necessary given the Department's policy of refraining from cutting the hair of inmates who have pending Grooming Code litigation.
 
 
 4
 On July 19, 1993, Plaintiff filed a "Motion to Strike/Disallow Appearance of Attorney for Respondent." In his motion, Plaintiff argued the Oklahoma Attorney General's Office was without authority to represent Defendant in this action. The court denied Plaintiff's motion without comment on August 8, 1993.
 
 
 5
 On August 2, 1993, the Department filed a court-ordered Martinez report and Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The court denied the motion to dismiss concluding that, taken as true, Plaintiff's allegations clearly stated a claim for violation of his First Amendment rights.
 
 
 6
 On January 6, 1994, the magistrate issued an order requiring any objecting party to show cause within fifteen days as to why Plaintiff's action should not be dismissed as moot. The order notified the parties that the court was taking judicial notice of the pleadings filed in Peters v. Cody, No. CIV-931459-L, a similar action challenging the Grooming Code. In Peters, the Department apparently represented to the court that the Grooming Code had been rescinded and was no longer in effect. The Department also apparently represented in Peters that it intended to adopt and implement a personal hygiene code on or before January 1, 1994.[3]
 
 
 7
 Defendant did not respond to the order. Plaintiff filed a response in which he claimed the case was not moot because, inter alia, "Plaintiff's complaint seeks injunctive relief to the extent that it prevents the cutting of his hair under whatever type of policy is in effect." Plaintiff also asserted his action should not be dismissed as moot because of his claim for monetary damages.
 
 
 8
 On March 17, 1994, the district court entered an order dismissing Plaintiff's case. Without specifically addressing Plaintiff's request for an expunging order, the court concluded Plaintiff's request for equitable relief was moot because the Grooming Code had been rescinded. The court also concluded Plaintiff's claim for monetary damages was moot because Plaintiff failed to prove the basis of his claim--i.e., that he was denied his constitutional right to free exercise of religion.
 
 
 9
 On appeal, Plaintiff claims the district court erred in dismissing his action as moot. Plaintiff also appeals the court's order denying his motion to disqualify the Attorney General's Office as counsel for Defendant. We review the court's determination of mootness for abuse of discretion. See Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1524 (10th Cir.1992). Likewise, we review the court's denial of Plaintiff's motion to disqualify opposing counsel for abuse of discretion. McEwen v. City of Norman, Okla., 926 F.2d 1539, 1550 (10th Cir.1991).
 
 I. MOOTNESS
 A.
 
 10
 We first address whether the district court abused its discretion in determining Plaintiff's request for injunctive relief was moot. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982). Instead, voluntary cessation moots a case if the defendant can satisfy the burden of demonstrating that "there is no reasonable expectation that the wrong will be repeated." United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953) (citation omitted). "A claim is moot when no reasonable expectation exists that the alleged violation will recur and interim relief of events have eliminated the effects of the alleged violation." Committee for the First Amendment, 962 F.2d at 1524.
 
 
 11
 We conclude the district court prematurely dismissed Plaintiff's action as moot insofar as Plaintiff seeks injunctive relief. First, we note that Plaintiff's claim for injunctive relief is not merely confined to a challenge to the Grooming Code. Instead, as Plaintiff pointed out in his response to the magistrate's January 6, 1993 order, "Plaintiff's complaint seeks injunctive relief to the extent that it prevents the cutting of his hair under whatever type of policy is in effect." Because Plaintiff seeks relief against the cutting of his hair under any Department policy, the rescission of the Grooming Code does not extinguish the court's ability to provide relief. Therefore, although the Department's regulations must be taken into account in determining whether Plaintiff is ultimately entitled to injunctive relief, the fact that the Department has since rescinded the Grooming Code does not necessarily moot the basic controversy. See Longstreth v. Maynard, 961 F.2d 895, 900 (10th Cir.1992) (because prisoners sought equitable relief against the cutting of hair under any circumstances, the fact that the department's grooming regulations changed while the case was pending on appeal did not render the case moot).
 
 
 12
 Moreover, the district court erred in concluding the Department's voluntary rescission of the Grooming Code automatically rendered Plaintiff's claims for injunctive relief moot without requiring any showing by Defendant that the alleged wrong--i.e., a policy which would compel Plaintiff to cut his hair against his asserted religious beliefs--could not reasonably be expected to be resumed. Although the court took judicial notice of the Department's representations in Peters that it had voluntarily rescinded the Grooming Code and would replace it with a personal hygiene code by January 1, 1994, the record is completely silent as to whether the Department actually instituted a new personal hygiene policy, and, if so, the effect of that policy on Plaintiff's asserted religious beliefs. In other words, as the record now stands, Defendant has failed to affirmatively demonstrate that (1) "no reasonable expectation exists that the alleged violation will recur," see Committee for the First Amendment, 962 F.2d at 1524, and (2) "interim relief of events have eliminated the effects of the alleged violation." See id.
 
 
 13
 We believe an affirmative showing on the part of Defendant is especially important here given our decision in Longstreth, 961 F.2d 895. In Longstreth, we addressed the Department's predecessor to the Grooming Code and held that although the predecessor policy had been rescinded while the case was pending on appeal, the case was not moot because it had not been shown to be "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Id. at 900. Our conclusion in Longstreth, was based, in part, on the fact that the Department has a long history of frequent changes in its grooming policies. See id. at 900 (defendant's repeated changes in policy taken into account in determining defendant has failed to show violation unlikely to recur). That same history is relevant here.
 
 
 14
 We are not suggesting that our holding in Longstreth requires the district court in the instant case to ultimately conclude Plaintiff's claim for injunctive relief is not moot. However, we believe Longstreth requires the district court to receive evidence from Defendant concerning whether "it can be said with assurance that there is no reasonable expectation that the [alleged] wrong would be repeated," id. at 900, before the court makes a mootness determination.
 
 B.
 
 15
 Moreover, even though the defendant's allegedly wrongful conduct has ceased, Plaintiff's case is not moot insofar as he requests a court order compelling the Department to expunge his disciplinary record of the Grooming Code violation.[4] To the extent Plaintiff's records reflect disciplinary action taken against him for violating the Grooming Code, his request for an expunging order refers to Defendant's past, not future, conduct. As a result, the voluntary cessation of the allegedly wrongful conduct does not render Plaintiff's request for an expunging order moot. See Black v. Warden, United States Penitentiary, 467 F.2d 202, 204 (10th Cir.1972) (case may not be dismissed as moot until plaintiff's disciplinary records expunged).
 
 C.
 
 16
 Next, we address the district court's determination that Plaintiff's claim for monetary damages was moot. Plaintiff seeks a total of $2,000 in monetary damages based on Defendant's alleged past refusal to allow Plaintiff to receive visitors because Plaintiff was not in compliance with the Grooming Code. A claim for monetary damages for past wrongful conduct, even if that conduct has ceased, avoids mootness unless the claim is "so insubstantial or so clearly foreclosed by prior decisions that [the] case may not proceed." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978).
 
 
 17
 The district court held Plaintiff's claim for monetary damages was moot because Plaintiff had failed to prove the basis of his claim--i.e., that he was denied his constitutional right to free exercise of religion. The court rejected Plaintiff's claim stating that Plaintiff failed to cite a tenet of his religion that required the wearing of long hair, and "wearing his hair long appears to be [P]laintiff's own interpretation of the Messianic Jewish faith." We conclude the district court erred.
 
 
 18
 At this stage of the proceedings, Plaintiff was not required to affirmatively prove his underlying claim. Prior to the district court's dismissal of Plaintiff's action on mootness grounds, Plaintiff had already survived Defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss. Moreover, our review of the record indicates that no summary judgment motion has ever been filed in this case. The only order before the court was the magistrate's order for the parties to show cause why Plaintiff's action should not be dismissed as moot. Because the mootness determination was the only determination properly before the court, the standard that applied to Plaintiff's claim for monetary damages is that the claim survives unless it is insubstantial or clearly foreclosed by prior decisions. See id. Given that in his pleadings, Plaintiff alleged a deep religious conviction against cutting his hair which, so long as it is sincere, entitled him to invoke the protection of the First Amendment, and given that plaintiff alleged he suffered damages due to the exercise of his First Amendment rights, we conclude Plaintiff has satisfied this standard.[5] See, e.g., Frazee v. Illinois Dep't of Employment Sec., 489 U.S. 829, 834 (1989) (holding that to invoke First Amendment protection, one need only demonstrate a sincerely held religious belief); Mosier v. Maynard, 937 F.2d 1521, 1526 (10th Cir.1991) (holding that while a court may inquire into the sincerity of an individual's professed religious beliefs, scrutiny of the validity of particular beliefs is largely beyond a court's function).
 
 II. MOTION TO DISQUALIFY
 
 19
 Finally, we conclude the district court did not err in denying Plaintiff's motion to disqualify the Oklahoma Attorney General's Office as counsel for Defendant. Defendant was sued for actions that he clearly took in the course of his employment as a state prison official. Therefore, the Attorney General's Office is authorized to represent Defendant. See Okla. Stat. Ann. tit. 74, 20f (West Supp.1994). Plaintiff's allegations that Defendant is not entitled to the Office's representation because Defendant has failed to meet certain statutory requirements are conclusory and without factual support. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (conclusory allegations insufficient to support claim).
 
 III. CONCLUSION
 
 20
 In sum, we AFFIRM the district court's denial of Plaintiff's motion to disqualify counsel. We REVERSE the court's dismissal of Plaintiff's action as moot and REMAND for further proceedings consistent with this opinion.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 The pleadings in Peters were not made part of the record on appeal. As a result, we have no information as to whether Peters was filed in state or federal court, and we have had no opportunity to review the Department's representations in that case
 
 
 [4]
 In its order dismissing Plaintiff's action as moot, the district court failed to specifically address Plaintiff's request for an expunging order
 
 
 [5]
 In concluding that Plaintiff's claim for monetary damages is not moot, we express no opinion as to whether Plaintiff's claim would survive a motion for summary judgment