**Willard G. TRIBBY, Appellant,**

v.

**Dale CAMERON, Superintendent, St. Elizabeths Hospital, Appellee.**

**No. 20454.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 6, 1967.

Decided April 14, 1967.

Mr. Perry S. Patterson, Washington, D. C. (appointed by this court), for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and William M. Cohen, Asst. U. S. Attys., were on the brief, for appellee. Mr. Oscar Altshuler, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, Senior Circuit Judge, and TAMM and ROBINSON, Circuit Judges.

EDGERTON, Senior Circuit Judge:

This appeal is from an order discharging a writ of habeas corpus. Appellant was committed to St. Elizabeths Hospital in 1960 pursuant to D.C.Code (1961) § 24–301(d), which provides that a person tried on a criminal charge and acquitted solely on the ground that he was insane at the time of the offense shall be confined in a mental hospital.

The Government concedes in its brief that appellant is "receiving little or no treatment; at least this was true at the time of the hearing." During the four months preceding the hearing in the District Court he had seen a psychiatrist "approximately three times" and had not participated in any activities or therapeutic programs other than "environmental therapy." The hospital made no effort to induce him to participate and did not even tell him that any treatment was available. Passivity is a mark of his illness.

In Rouse v. Cameron, 125 U.S.App. D.C. ——, 373 F.2d 451, which we decided October 10, 1966, some months after the District Court entered its order in the present case, we held that a person hospitalized under § 24–301(d) has a "right to treatment" cognizable in habeas corpus. There "the government psychiatrist testified that the appellant was receiving 'environmental therapy.' But the suitability and adequacy of the 'milieu' as therapy for *this* petitioner was not explored."

This is true here also. As in *Rouse*, therefore, "'law and justice require' that we remand for a hearing and findings on whether appellant is receiving adequate treatment." If not, the court "may allow the hospital a reasonable opportunity to initiate treatment." And, as in *Rouse*, "Unconditional or conditional release may be in order if it appears that the opportunity for treatment has been exhausted or treatment is otherwise inappropriate. It is unnecessary to detail the possible range of circumstances in which release would be the appropriate remedy." The conditions under which a person may be deprived of his liberty are the concern of courts as well as Congress and the Hospital.

We do not suggest that the court should or can decide what particular treatment this patient requires. The court's function here resembles ours when we review agency action. We do not decide whether the agency has made the best decision, but only make sure that it has made a permissible and reasonable decision in view of the relevant information and within a broad range of discretion.

Remanded for further proceedings.

TAMM, Circuit Judge (concurring in the result):

I acquiesce in the remand of this case to the District Court only because of my concern relative to the inadequate record presented to us. I am unable upon this record, to determine to my satisfaction whether to affirm or reverse the District Court, and accordingly I join in the remand solely for the purpose of obtaining for this court an adequate and complete record.