**In re Henry JONES.**

**Mental Health No. 287–71.**

United States District Court,
District of Columbia.

Feb. 16, 1972.

Harry Fulton, Public Defender Service, for patient.

Lester Seidel and David M. Bullock, Asst. U. S. Attys., for Hospital.

ORDER

FLANNERY, District Judge.

This matter came before the court's attention for a trial by the court, pursuant to D.C.Code § 21–545 (1967), on January 19, 1972, on which date the court found that the patient, Henry Jones, was mentally ill and, because of that illness, likely to injure himself or others if allowed to remain at liberty.

The court has considered the Motion for Report and Disposition Hearing Pursuant to 21 D.C.Code § 545(b), as well as the opposition thereto and the oral arguments of counsel.

The court finds that a patient involuntarily committed has a right to treatment, Rouse v. Cameron, 125 U.S. App.D.C. 366, 373 F.2d 451 (1967), and that there is ample authority for this court to explore alternative courses of treatment for this patient which will be in the best interests of the patient and the public. D.C.Code § 21–545 (1967).

The court also finds that deprivation of liberty because of the dangerousness of a patient to himself, as in this case, should not go beyond what is necessary for the patient's protection. Lake v. Cameron, 124 U.S.App.D.C. 264, 267, 364 F.2d 657, 660 (en banc), cert. denied, 382 U.S. 863, 86 S.Ct. 126, 15 L.Ed.2d 100 (1966).

The court further finds that it has the authority to explore alternative facilities for treatment and treatment plans, both outside Saint Elizabeths Hospital, Lake v. Cameron, *supra*, and *within* the hospital complex. Covington v. Harris, 136 U.S.App.D.C. 35, 419 F.2d 617 (1969). In particular, the court agrees with Chief Judge Bazelon when he stated "(i)t makes little sense to guard zealously against the possibility of unwarranted deprivations prior to hospitalization, only to abandon the watch once the patient disappears behind the hospital doors." *Id.* at 41–42, 419 F.2d at 623–624. Furthermore, the court finds that the Hospital has the obligation to bear the burden of exploration of alternatives. Covington v. Harris, *supra*; Lake v. Cameron, *supra*.

However, the court also finds that in reviewing the Hospital's decision as to its treatment plans for this patient and its consideration of alternative courses of treatment both within and without the Hospital, this court may not decide whether the Hospital has made the best possible decision, but only that it has made a permissible decision based on relevant information and within the broad range of discretion given to the Hospital administrator. Tribby v. Cameron, 126 U.S.App.D.C. 327, 328, 379 F. 2d 104, 105 (1967). This court's review of the Hospital's treatment plan is, therefore, of a very limited nature. This court has neither the expertise nor the inclination to become the administrator of Saint Elizabeths Hospital. Additionally, this court recognizes that the primary function of doctors is treating the sick, not testifying in court. Therefore, to the maximum extent possible, this court will rely on the written record, rather than the personal testimony of treating physicians. *See* In re Barnard, D.C.Cir., 455 F.2d 1370 (decided December 23, 1971).

The court also finds that this particular patient, suffering as he does from organic brain syndrome with cerebral arteriosclerosis—a mental illness which is treated, as the Hospital acknowledges, largely with "care designed to

maintain the patient's health and see that his physical needs are satisfied"—is singularly deserving of judicial overview to guarantee that the least restrictive alternatives are explored before his initial commitment proceedings are terminated. *Cf.* Lake v. Cameron, *supra.* Moreover, uncontradicted statements at the hearing on the instant motion indicated that the patient was presently confined to a ward with a number of volatile juvenile patients, a situation arguably inconsistent with a permissible treatment plan for this elderly patient.

■ Finally, this court finds that the patient's right to a review of his conditions of hospital treatment under D.C. Code § 21–546 et seq. and his right to petition for a writ of habeas corpus at any time do not preclude this court from making its inquiry at this time to guarantee that this court's commitment order is implemented, as it has confidence it will be, with the least restrictive alternatives in mind.

Wherefore, it is this 15th day of February, 1972,

Ordered, that Saint Elizabeths Hospital furnish this court and counsel for the patient with a report concerning its treatment plan for this patient and its exploration of alternative courses of treatment both within and without the Hospital, by the 1st day of March, 1972, and it is

Further ordered, that a hearing before this court on the above-mentioned report and courses of treatment be set for the 8th day of March, 1972, at 10 a. m., unless the court notifies the parties, prior to this hearing, that the report itself, when considered with any response thereto filed by counsel for the patient, obviates the necessity for this hearing, and it is

Further ordered, that the patient continue to remain hospitalized in Saint Elizabeths Hospital until further order of this court.