**In re Rico CARTER, Appellant.**

**No. 94–FM–403.**

District of Columbia Court of Appeals.

Submitted Oct. 5, 1995.

Decided Oct. 26, 1995.

John E. Williams, Washington, DC, was on the brief for appellant.

Garland Pinkston, Jr., Acting Corporation Counsel at the time, Charles L. Reischel, Deputy Corporation Counsel, and Sonia A. Bacchus, Assistant Corporation Counsel, Washington, DC, were on the brief for appellee.

Before WAGNER, Chief Judge, and SCHWELB and FARRELL, Associate Judges.

PER CURIAM:

Appellant, a civilly committed patient confined in the John Howard Pavilion, Ward 9, of Saint Elizabeths Hospital, requested an order of the Superior Court directing his transfer to a less restrictive confinement alternative in the Hospital. Hospital officials opposed the transfer because of what they viewed as a continuing pattern of delusional and dangerous behavior exhibited by appellant. The trial court denied the application.

The role of the court in reviewing such decisions by hospital authorities is limited. It is set forth in decisions of the United States Court of Appeals for the District of Columbia Circuit binding on this court. Upon our review of the record, including the reports and testimony of Doctors Ganz and Gordon, we agree with the trial court that the hospital authorities "made a permissible and reasonable decision in view of the relevant information and within a broad range of discretion," *Tribby v. Cameron*, 126 U.S.App. D.C. 327, 328, 379 F.2d 104, 105 (1967), in concluding that a transfer of appellant from maximum security confinement to a less restrictive alternative was inappropriate at the time in question.* We further agree with

---

* By "the time in question" we mean as of the date of the hearing and the Superior Court's ruling. Appellant subsequently eloped from Saint Eliza-

beths. While the Hospital, through the Office of Corporation Counsel, informs us that he has since returned to the Hospital, we do not know

the trial court "that the hospital has considered and found inadequate all relevant alternative dispositions within the hospital." *Covington v. Harris,* 136 U.S.App.D.C. 35, 42, 419 F.2d 617, 624 (1969).

The order of the Superior Court is, accordingly,

*Affirmed.*

the security level of his present confinement. For purposes of this decision, we assume that he

is again confined in a maximum security ward.