**UNITED STATES of America**

v.

**John W. HINCKLEY, Jr.,
Defendant/Patient.**

**Criminal No. 81–0306 (JLG).**

United States District Court,
District of Columbia.

Dec. 15, 1997.

Robert R. Chapman, Asst. U.S. Atty., Washington, DC, for plaintiff.

Barry Wm. Levine, Dickstein, Shapiro & Maher, Washington, DC, Janet Maher, Asst. Corp. Counsel, Saint Elizabeths Hosp., Legal Office, Washington DC, for defendant/patient.

*MEMORANDUM*

JUNE L. GREEN, District Judge.

As a result of two letters from St. Elizabeths Hospital notifying the Court and Government counsel (in accordance with a long standing Court order [1]) of an anticipated holiday outing for six hours to be provided to Mr. John Hinckley, Jr., to leave the Hospital grounds and attend a meal with his mother and father and friend, Ms. Leslie DeVeau, in the company of Hospital staff, the Court held an evidentiary hearing on December 11, 1997. The Government had previously filed a Motion for summary denial of St. Elizabeths Hospital's request or, in the alternative, for a hearing pursuant to 24 D.C.Code § 301(e). Mr. Hinckley has filed an opposition to the Government's motion. For the reasons that follow, the Government's motion for summary denial is denied, its motion for a hearing on conditional release is granted (the hearing, in fact, was held on December 11, 1997) and St. Elizabeths Hospital's (the "Hospital") notice/request for Mr. Hinckley to have a holiday visit with his family off of the Hospital grounds is denied.

*BACKGROUND*

The background of this case is well known and the Court does not now take the time to once again recount its long history. For purposes of this review, it is sufficient to know that on December 12, 1996, John W. Hinckley, Jr., an insanity acquitee, filed a motion with the Court pursuant to D.C.Code § 24–301(k) seeking the Court's permission for conditional release in the custody of his parents, unaccompanied by Hospital staff, for 12 hours one day each month. This request was not supported by the Hospital. An evidentiary hearing on Mr. Hinckley's request was held from June 9–12, 1997. By Memorandum and Order dated June 19, 1997, the Court denied the request finding that Mr. Hinckley had failed to show that he would not in the reasonable future be dangerous. *United States v. Hinckley*, 967 F.Supp. 557, 563 (D.D.C.1997). Mr. Hinckley has appeal-

---

1. *See* Order dated April 24, 1987 (requiring St. Elizabeths Hospital to provide two weeks written notice to this Court, to the United States Attorney for the District of Columbia and to counsel for the Defendant if it intends to release Defendant from the grounds of St. Elizabeths Hospital, accompanied by Hospital personnel).

ed that ruling and it remains pending in the Court of Appeals.

On December 2, 1997, St. Elizabeths Hospital submitted a letter to this Court's chambers. That letter appears to be both a notification and a request that Mr. Hinckley be allowed to have a holiday visit, off Hospital grounds, with family members and his friend, Leslie DeVeau, for up to six hours while in the company of Hospital staff. That letter was followed by another letter, dated December 5, 1997, and filed under seal, in which the Hospital disclosed the time, place and the identity of the accompanying staff. An evidentiary hearing was held on this matter on December 11, 1997. Only one witness was called: Dr. Robert Benedetti, Chair of the Hospital's Review Board.

## DISCUSSION

### Standard of Review

Both the Government and Mr. Hinckley hotly contest the type of review to be afforded this matter. The Government contends that the Hospital's request should be in the nature of a request for conditional release pursuant to 24 D.C.Code § 301(e) and review the request according to the provisions contained in *United States v. Ecker II*, 543 F.2d 178 (D.C.Cir.1976). By contrast, Mr. Hinckley argues that this Court, if it has any review authority at all, must rely on its equitable powers and review the Hospital's request as an internal matter of patient treatment. Any review, he states, must therefore be limited to whether the Hospital administrator "made a permissible and reasonable decision in view of the relevant information and within a broad range of discretion." *Dixon v. Jacobs*, 427 F.2d 589, 597 (D.C.Cir. 1970) *quoting Tribby v. Cameron*, 379 F.2d 104, 105 (D.C.Cir.1967).

· This is not an easy question and the Court notes that neither side has been able to provide any binding authority on this issue. The Court, however, giving the relevant cases a close reading, finds direction from the *Ecker II* case. That case, of course, involves a request for conditional release. But in reaching its holding on the proper

standard of review for Hospital sponsored requests, the court of appeals, sitting *en banc*, examined the very nature of a conditional release as it relates to the Court's obligations to protect the public. It determined that:

> [W]hen, and if, the patient is to cross the hospital boundary, then other factors affecting the public come into play, and both the statute and our decisions impose a different role and far heavier responsibilities on the courts.

*Ecker II*, 543 F.2d at 183.

While agreeing that internal hospital matters were to be given the same broad deference as agency decisions, the court of appeals draws the line at the boundaries of the Hospital grounds. *Id.; see also Covington v. Harris*, 419 F.2d 617 (1969)(finding broad deference should be given to Hospital decision where patient seeks transfer to a less restrictive ward within the hospital because public safety not implicated). Mr. Hinckley's position, that he will be in the custody of Hospital staff and not "released" at all, does not answer the "boundary" issue. With or without the Hospital staff, Mr. Hinckley would still be leaving the grounds of St. Elizabeths Hospital. In the Court's view, such anticipated action is sufficient to trigger the safeguards of judicial review pursuant to 24 D.C.Code § 301(e) and *Ecker II*. To do otherwise would conflict with this Court's obligation to safeguard the public. Accordingly, the Hospital's request shall be treated as an "amalgamation of expert opinion" and weighed along with all other evidence in the record. *Ecker* at 185. The Court still must find by a preponderance of the evidence that Mr. Hinckley will not in the reasonable future (in this case the proposed visit) be dangerous to himself or others. *Id.* at 187. The Court cannot make such a finding given the record in this case.

### The Record Evidence

To its credit, the Hospital has proposed an excursion with safeguards it hopes are sufficient to address the public safety issue.[2]

---

2. At the evidentiary hearing, the Hospital gave detailed information concerning the two Hospital

employed drivers and the Hospital employee who will accompany Mr. Hinckley. The location of

The Court has considered the details of this plan carefully, but cannot agree that even these safeguards are enough given the existing record in this case. That record was established in June of 1997 and, although appealed, remains pending. As the Court then determined, the severity of Mr. Hinckley's criminal conduct and his conduct at the Hospital since his admission in 1982 militate against conditional release. *U.S. v. Hinckley, Jr.*, 967 F.Supp. at 563. Although the Hospital has made a recent search of Mr. Hinckley's quarters and satisfied itself that Mr. Hinckley has not attempted to contact Jeannette Wick (a Hospital employee from whom he was told to stay away), the Court is still left with a record that John Hinckley, Jr. is a dangerous individual with a history of deception. *Id.* at 562. Moreover, none of the parties here dispute that Mr. Hinckley's condition remains unchanged since June of 1997.[3] With the record as it is, the Court cannot find by a preponderance of the evidence that Mr. Hinckley will not be a danger to himself or others should he be permitted to cross the boundary of St. Elizabeths Hospital under the proposal before the Court, even in the company of Hospital staff.

## CONCLUSION

For the reasons stated, the Court denies the Hospital's request to take Mr. Hinckley off of Hospital grounds for the proposed holiday visit. An appropriate Order accompanies this Memorandum.

## ORDER

Upon consideration of St. Elizabeths Hospital's request to take John W. Hinckley, Jr. on a holiday visit, off of the Hospital grounds, the Government's Motion for summary denial of St. Elizabeths Hospital's request or in the alternative a motion for a hearing on said request, the Memorandum of John W. Hinckley in opposition thereto, the evidentiary hearing held in this matter and for the reasons stated in the accompanying memorandum of law, it is by the Court this 15th day of December 1997

**ORDERED** that St. Elizabeths Hospital's request is **DENIED**; it is further

**ORDERED** that the Government's motion for summary denial is **DENIED** and its alternative motion for an evidentiary hearing pursuant to 24 D.C Code § 301(e) is **GRANTED nunc pro tunc** to December 11, 1997; it is further

**ORDERED** that the letter from St. Elizabeths Hospital dated December 2, 1997 shall be filed with the Clerk's office **nunc pro tunc** to December 2, 1997.

---

the visit as well as the names of the Hospital employees have also been given, but they are under seal.

3. Except for "mild disappointment" at the news that his request for conditional release was denied. Hospital letter dated December 2, 1997.